■ L & W SUPPLY CORPORATION, Doing Business as CAPITAL DISTRICT GYPSUM SERVICES, Respondent, v REX S. RUTHMAN et al., Individually and as Copartners Doing Business as STRAW-BERRY RIDGE, et al., Appellants.—Casey, J. Appeal from that part of an order of the Supreme Court (Ford, J.), entered December 5, 1986 in Saratoga County, which granted plaintiff's motion to compel the withdrawal of defendants' counsel.

Defendants contend that Supreme Court erred in granting plaintiff's motion to compel the withdrawal of the law firm of Ruthman, Feinberg & Dumas (hereinafter the law firm) as defendants' counsel in this mechanic's lien foreclosure action. We agree.

The dispute in the action apparently centers on the quantity and price of wallboard delivered by plaintiff to defendants at their Strawberry Ridge construction site. Defendants Rex S. Ruthman and Edward R. Feinberg, who are partners in the law firm, are also partners in the partnership doing business as Strawberry Ridge. Feinberg maintained the financial books and records for Strawberry Ridge and was responsible for making the payments for construction materials. Defendants Joseph M. Clark and Victor J. Laviano are also partners in Strawberry Ridge. In addition to being a partner, Clark was also the general construction contractor for the Strawberry Ridge project and he, along with Laviano, engaged in negotiations with plaintiff's agents concerning the price of wallboard for the project. Neither Ruthman nor Feinberg were involved

in these negotiations; Feinberg's only involvement in the matter was to make payments for the wallboard at the direction of Clark, and Ruthman's only involvement was to provide assistance to Clark in drafting a letter to plaintiff after a dispute arose as to the price of the wallboard.

Ruthman and Feinberg are both party litigants in this action, and neither has appeared as an advocate in this matter which is being handled by other members of the law firm. A question arises, therefore, as to whether the advocate-witness disqualification rules even apply to the law firm *(see, Nemia v Nemia,* 124 AD2d 407, 408, *lv denied* 69 NY2d 611); even assuming that the rules do apply, we hold that under the principles articulated in *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (69 NY2d 437) disqualification is not appropriate here.

Pursuant to the "guidance" provided by the Code of Professional Responsibility *(see, supra,* at 444), the test in determining a motion to direct counsel to withdraw is whether the lawyer "ought to be called as a witness" (Code of Professional Responsibility DR 5-102 [A]), not whether his adversary intends to call him *(Lefkowitz v Mr. Man,* 111 AD2d 119, 121, *appeal dismissed* 65 NY2d 1053). "[W]hether a witness 'ought' to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary * * *. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445-446 [citations omitted]).

Since neither Ruthman nor Feinberg was involved in the negotiation of the agreement that is at the heart of the dispute in this action, their testimony clearly is not necessary under the standard set forth above. The law firm, therefore, should not have been disqualified.

Order modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiff's motion to compel withdrawal of defendants' counsel, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.