BURDETT RADIOLOGY CONSULTANTS, P. C., et al., Respondents-Appellants, v SAMARITAN HOSPITAL et al., Appellants-Respondents.

Third Department, June 28, 1990

## APPEARANCES OF COUNSEL

*Paul R. Engster (Michael J. Fields* of counsel), for respondents-appellants.

*Pattison, Sampson, Ginsberg & Griffen, P. C. (Gerald H. Katzman* and *James E. Prout* of counsel), for appellants-respondents.

## OPINION OF THE COURT

KANE, J.

This action revolves around a contract pursuant to which

plaintiff Burdett Radiology Consultants, P. C. (hereinafter Burdett) and its president, plaintiff Eckart Schackow, were to provide "all radiological services" for defendant Samaritan Hospital (hereinafter Samaritan) and its executive vice-president, defendant Robert L. Kay. Problems arose when defendants allegedly acted outside the contract in hiring Rosa Santiago-Samson, who had been discharged by Burdett, to provide radiological services at Samaritan. Defendants eventually exercised an option in the contract to unilaterally terminate the agreement upon 180 days' written notice. Plaintiffs thereafter commenced this lawsuit alleging that Samaritan breached the contract, wrongfully terminated their employment, and, along with Kay, tortiously interfered with the contract.

Some time after issue was joined, plaintiffs brought a motion to disqualify the law firm representing defendants on the ground, *inter alia,* that attorneys for the firm would be called as witnesses. Defendants opposed the motion and cross-moved for an order dismissing the complaint for failure to state a cause of action and for plaintiffs' willful failure to provide agreed-upon disclosure. Supreme Court denied the motions and these cross appeals followed.

We are unpersuaded by plaintiffs' position that Supreme Court erred in denying their motion to disqualify defendants' counsel. Their argument focuses on three potential witnesses who are attorneys in the firm representing defendants: William Connors, who served on the executive committee of the board of directors of Samaritan; Lambert Ginsberg, who advised Burdett regarding Santiago-Samson's termination; and Gerald Katzman, who was involved in the drafting of the contract at issue herein. "[T]he Code of Professional Responsibility directs that a lawyer who *ought to be called* as a witness on behalf of his client shall withdraw from the conduct of the trial and his firm shall not continue representation" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 444 [emphasis in original]; *see,* Code of Professional Responsibility EC 5-9; DR 5-102). Whether an opposing party *intends* to call the attorney as a witness is not dispositive of whether the attorney *ought* to be called *(see, L & W Supply Corp. v Ruthman,* 135 AD2d 877, 878). A finding that the attorney's testimony is necessary is required, and the attorney's "relevant knowledge" or "involve[ment] in the transaction at issue" is not determinative *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445; *see, Plotkin v*

*Interco Dev. Corp.,* 137 AD2d 671, 673). "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446). In this case, Connors' membership on the executive committee is not unique and, there being three other members thereon, any testimony by Connors regarding the executive committee and the case at bar would be cumulative. Likewise, any testimony from Ginsberg regarding Santiago-Samson's discharge can be provided by Kay, under whose direction Ginsberg operated. We find, therefore, that in view of the "availability of other evidence" *(supra,* at 446), the testimony of Connors and Ginsberg is cumulative and unnecessary. We further note that, contrary to plaintiffs' argument, any dual representation by Ginsberg on behalf of Burdett and Samaritan in the Santiago-Samson matter cannot serve as a basis for disqualification inasmuch as Schackow apparently consented to the arrangement and there was no showing of actual conflict or impropriety *(see, Prodell v State of New York,* 125 AD2d 805, 806-807; *Matter of Hof,* 102 AD2d 591, 593). We also reject plaintiffs' contention that Katzman should be disqualified because of his involvement in creating the contract at issue. In our view, plaintiffs have failed to show that the resolution of the specific issues involved in defendants' alleged breach of the contract would require Katzman's testimony *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra).* Accordingly, the denial of plaintiffs' motion to disqualify defendants' counsel should be affirmed.

■ Turning now to defendants' cross motion to dismiss the complaint, we initially note that in view of the motion's treatment by the parties and Supreme Court, the nature of the motion was clearly one of dismissal pursuant to CPLR 3211 (a) (7) and our review proceeds accordingly. Pertinent to our examination of plaintiffs' complaint is "whether claimant *has* a cause of action, not whether one has been stated in the complaint" *(Brown v State of New York,* 125 AD2d 750, 751, *lv dismissed* 70 NY2d 747 [emphasis supplied]). In this regard, we agree with defendants that the entire complaint, inasmuch as it is brought by Schackow individually, should be dismissed. Schackow was not an individual party to the contract and, in our view, has failed to sufficiently establish in the complaint any right to sue for breach thereof.

■ Turning to the allegations in the complaint as brought by Burdett, the first cause of action alleges that Samaritan breached the contract by employing Santiago-Samson after her discharge by plaintiffs. Notwithstanding defendants' argument that their ability to terminate the contract on notice negates plaintiffs' claim, the complaint alleges that the breach occurred before any alleged termination and, thus, states a cause of action for breach of contract. In our view, however, the remainder of the complaint should be dismissed for failure to state a cause of action (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.38). Plaintiffs' second cause of action is based on defendants' alleged breach of good faith and fair dealing in performing the contract. Such an implied covenant, however, does not apply to a party's express right to terminate a contract (see, *Sabetay v Sterling Drug,* 69 NY2d 329, 335-336). Similarly, the third cause of action for wrongful discharge must be dismissed as inapplicable under the circumstances presented here (see, supra). The fourth and fifth causes of action for tortious interference with a contract must also be dismissed because such claims envision acts by a third party. Samaritan, as well as its employee Kay, are not third parties unrelated to the contract (see, *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 108 AD2d 351, 354).

■ Finally, we find that Supreme Court properly denied defendants' motion to dismiss the complaint for plaintiffs' willful failure to provide agreed-upon disclosure (see, CPLR 3126). Defendants failed to demonstrate willfulness on plaintiffs' part such as to warrant dismissal (see, *Brandi v Chan,* 151 AD2d 853, 854, *appeal dismissed* 75 NY2d 789).

MAHONEY, P. J., YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion to dismiss the complaint of plaintiff Eckart Schackow in its entirety and the second, third, fourth and fifth causes of action of plaintiff Burdett Radiology Consultants, P. C.; cross motion granted to that extent and said portions of the complaint are dismissed; and, as so modified, affirmed.