■ Howard Morgasen et al., Respondents, v Federated Consultant Service, Inc., Appellant.—In an action to recover damages, *inter alia,* for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), dated November 27, 1989, as denied its motion to disqualify the plaintiffs' attorneys.

Ordered that the order is affirmed insofar as appealed from, with costs.

An attorney should be disqualified once it is determined that he or she ought to testify at trial *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437; Code of Professional Responsibility DR 5-101 [B]; DR 5-102 [A]). However, a determination as to whether an attorney "ought" to testify, and therefore, should be disqualified, is to be based upon whether his or her testimony is "necessary" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445-446). "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of matters, weight of the testimony, and availability of other evidence" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446). We find that the testimony of the plaintiffs' attorneys is not "necessary" to any issue in this case, and therefore, the court did not improvidently exercise its discretion in denying the defendant's motion to disqualify the plaintiffs' attorneys

*(see, Matter of Reichenbaum v Reichenbaum & Silberstein,* 162 AD2d 599). Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.