■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY L. TILLMAN, Appellant.—Mercure, J.

---

Defendant was convicted after trial of criminal sale of a controlled substance in the third degree. Following County Court's denial of defendant's posttrial motion to set aside the verdict, defendant was sentenced as a second felony offender to a prison term of 8 to 16 years. Defendant now appeals.

There must be a reversal. At trial, the primary prosecution witness was a paid police informant with an extensive criminal record who testified that he bought a packet of cocaine from defendant on August 19, 1988. Although the purchase was arranged by the police, no effort was made to observe or record the transaction and the money supplied to the informant had not been "marked". Accordingly, the People's case depended in large measure upon the credibility of the informant. Defendant's counsel alleged in an affidavit in support of defendant's motion pursuant to CPL 330.30 that a person who identified himself as the informant contacted him by telephone in January 1989, approximately three months prior to trial, and stated that "he had heard it said in the Saratoga County Jail that he had made a 'buy' of [c]ocaine from [defendant] * * * [that] this was not true [and that] he had not made a 'buy' from [defendant] and had not informed on him to the police". At trial, after the informant acknowledged on cross-examination that he had called defendant's counsel from the Saratoga County Jail the previous January, the following question was propounded by defense counsel: "And didn't you, in fact, tell me that you never made a buy from [defendant]?" The People objected upon the ground that, by making the inquiry, defense counsel had made himself a potential witness in the case. In the course of an ensuing discussion out of the presence of the jury, County Court indicated its agreement with the People's position, prompting defense counsel to withdraw the question and abandon this area of inquiry.

In our view, counsel's failure to pursue this line of questioning was an error which, in reasonable probability, affected the outcome of the trial (see, Strickland v Washington, 466 US 668, 693-694; People v Bankowski, 134 AD2d 768). Defendant's counsel was advised of the identity of the informant on March 10, 1989, approximately three weeks prior to the trial. While defense counsel was then aware that he was a witness to this relevant and potentially exculpatory evidence, because his testimony was favorable to defendant disqualification was not

mandated until such time, if any, that his testimony was required (see, Code of Professional Responsibility DR 5-102 [A]; *People v Rivera*, 172 AD2d 633, *lv denied* 77 NY2d 999; *Burdett Radiology Consultants v Samaritan Hosp.*, 158 AD2d 132, 134-135; *People v Limongelli*, 156 AD2d 473, 475, *lv denied* 76 NY2d 894). As properly contended by defendant on his CPL 330.30 motion, the questioning of the informant did not proceed to a point where it could be determined that counsel's testimony was truly necessary. Had the informant admitted telling defense counsel that he had never made a "buy" from defendant, counsel's testimony would have been cumulative and, thus, unnecessary (see, *Burdett Radiology Consultants v Samaritan Hosp., supra,* at 135). Had the response been negative, defense counsel could have sought his own disqualification and, following a mistrial or continuance to permit the assignment of substitute counsel, testified concerning the statement made to him on the telephone. In contrast, defense counsel's withdrawal of the question, precipitated by the People's premature objection and, to a larger extent, County Court's erroneous opinion, was, from a tactical viewpoint, the worst possible course.

Further prejudicial error was committed in defense counsel's summation. Apparently feeling the need to explain defendant's failure to testify on his own behalf, counsel stated: "First of all, I will tell you that [defendant] is not a candidate to be a Sunday school teacher and certainly not a Boy Scout. You see, there are things about his past, his background, that have nothing to do with this case, which [defendant] would have had to have testified to if he took the stand. These matters, no doubt, would come out and they would affect his presumption of innocence." We can discern no plausible trial strategy which would justify this comment, which drew unnecessary attention to defendant's failure to testify and actually introduced evidence against him (see, *People v Barret,* 145 AD2d 842, 843-844; *People v Sanin,* 84 AD2d 681, 682). We conclude that these errors constituted a failure to provide meaningful representation, requiring reversal of the judgment of conviction and remittal for a new trial (see, *People v Baldi,* 54 NY2d 137).

We have examined defendant's remaining assertions of error and find them to be without merit.

Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Saratoga County for a new trial.