■ Kirshon, Shron, Cornell & Teitelbaum, P. C., Respon-

dent, v ALBERT SAVARESE et al., Appellants.—Yesawich Jr. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Beisner, J.), entered March 25, 1991 in Dutchess County, which granted plaintiff's motion to disqualify defendants' attorney from representing defendants.

Seeking to recover for accounting, financial and business management services allegedly performed in connection with the marketing and sale of two corporations formerly owned and operated by defendants, plaintiff, an accounting firm, commenced the instant action. Defendants answered and counterclaimed charging accounting malpractice, which put in issue the quality of the work performed and the reasonableness of the fees charged. The stimulus for this appeal is Supreme Court's order granting plaintiff's motion to disqualify McCabe & Mack, the law firm representing defendants, because one of the firm's partners, Phillip Shatz, had reportedly worked closely with two of plaintiff's principals in negotiating the underlying sale and could be called as a witness at trial (see, Code of Professional Responsibility DR 5-101 [B]; 5-102). Defendants' application for a stay pending appeal has been granted.

Although plaintiff's motion was supported by an affidavit by Stephen Kirshon, one of plaintiff's principals, indicating that he worked closely with Shatz in consummating the sale and an affirmation by plaintiff's attorney stating that he intends to subpoena Shatz and the latter's billing and telephone logs, plaintiff has furnished no evidence that Shatz's testimony will be either necessary to establish plaintiff's cause or prejudicial to Shatz's clients, defendants herein (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446; Cicero & Pastore Assocs. v Patchogue Nursing Center, 149 AD2d 647, 648). Moreover, there is no showing that Shatz's records and testimony regarding the time spent or the advice given by plaintiff respecting the sale will be other than merely cumulative of the records and testimony provided by plaintiff's representatives (see, Burdett Radiology Consultants v Samaritan Hosp., 158 AD2d 132, 134-135). The fact that plaintiff intends to call Shatz as a witness is not sufficient in and of itself to override defendants' right to choose their own counsel (see, L & W Supply Corp. v Ruthman, 135 AD2d 877, 878; cf., Hoerger v Board of Educ., 129 AD2d 659, 660). At this stage of the proceedings, where discovery has not yet been had, disqualification of McCabe & Mack from representing defendants is premature (see, Code of Professional Responsibility DR 5-102

[B]; *cf., Emerald Green Homeowners' Assn. v Aaron,* 90 AD2d 628).

Weiss, P. J., Mikoll and Levine, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's motion; motion denied; and, as so modified, affirmed.