■ BRUCE STUART et al., Respondents, v WMHT EDUCATIONAL TELECOMMUNICATIONS, INC., Appellant, et al., Defendants. [600 NYS2d 811] —Mercure, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 26, 1992 in

Albany County, which denied a motion by defendant WMHT Educational Telecommunications, Inc. to disqualify plaintiff Kim Stuart as plaintiffs' counsel.

Because we conclude that, under the unique circumstances of this case, Supreme Court did not abuse its discretion in denying the motion of defendant WMHT Educational Telecommunications, Inc. to disqualify plaintiff Kim Stuart, an attorney, from representing the remaining plaintiffs in this action (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437; cf., Code of Professional Responsibility DR 5-101 [B] [22 NYCRR 1200.20 (b)]; DR 5-102 [22 NYCRR 1200.21]), we affirm. "The advocate-witness disqualification rules contained in the Code of Professional Responsibility provide guidance, not binding authority * * * [and courts must also] consider such factors as the party's valued right to choose its own counsel, and the fairness and effect in the particular factual setting of granting disqualification or continuing representation" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra, at 440). In exercising its discretion, Supreme Court is to balance the substantive rights of litigants, on the one hand, against the ethics of the legal profession, on the other (see, supra, at 443).

Here, it is undisputed that Stuart, a party to the contract forming the basis for this action and a major participant in the events underlying plaintiffs' claim for damages, is entitled to represent herself in the action. Further, her status and interest in the lawsuit appear to be identical to those of the remaining plaintiffs, her brother and their subchapter S corporation. That being the case, Stuart's disqualification would have little or no effect upon the nature or extent of her participation in the action. Compared to the injury to the remaining plaintiffs' right to representation by counsel of their own choice, defendants stand to gain very little from Stuart's disqualification. Accordingly, Supreme Court properly denied the motion.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.