■ MOORE AND MOORE REAL ESTATE, Appellant, v CATHERINE ALOI et al., Respondents. [650 NYS2d 450] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Miller, J.), entered February 21, 1995 in Rockland County, upon a decision of the court in favor of defendants.

In late 1992, defendant Peter L. Jackelow contacted plaintiff and several other realtors to obtain their assistance in locating a home to purchase for himself and his wife. On January 9, 1993, at the invitation of Damiani Realtors (hereinafter Damiani) Jackelow inspected a house located at 256 South Middletown Road, Pearl River, Rockland County, that was listed by Weichert Realtors (hereinafter Weichert) for $259,900. Later

that day, Jackelow contacted plaintiff's owner, Roger Moore, who allegedly agreed to appraise the house for him. Moore denies this and it is undisputed that he did not appraise the house for Jackelow. Instead, on January 10, 1993 he showed the house to his clients, John and Susan Satriale, who on January 16, 1993 submitted a purchase offer of $252,500 with a proposed closing date of April 1, 1993.

On the same date Jackelow, through Damiani, submitted an offer of $259,900 in which it was indicated that the closing date was subject to negotiation. After Moore learned of this offer, his clients increased their offer to $260,000 with the caveat that, although the closing was to be in 30 days, there was a "holdover possibility for the present occupants". On January 17, 1993 Weichert presented these two offers to defendants Catherine Aloi and Peter Yaniga (hereinafter collectively referred to as defendants), who were acting as trustees for their parents who resided in the subject premises. Defendants did not accept the offers which prompted Jackelow, on January 27, 1993 to go to Weichert where he executed a new purchase offer indicating that he was willing to pay $265,000 for the house and to defer the closing to September 1, 1993. Defendants accepted this offer and ultimately completed the sale of the house to the Jackelows. Thereafter, plaintiff commenced this action to recover its real estate brokerage commission.[1] Following a bench trial, Supreme Court dismissed plaintiff's complaint.[2] This appeal ensued.

The multiple listing agreement signed by defendants provided that the brokerage commission is payable to the broker "who is the procuring cause, having introduced the Buyer and negotiated the sale". It is well established that this condition is satisfied with proof that the broker produced a purchaser who was ready, willing and able to purchase the seller's property at the terms set by the seller (see, B & H Assocs. v Buscemi, 229 AD2d 456; Mecox Realty Corp. v Rose, 202 AD2d 404).

In this instance, both defendants testified that the closing date was an essential term of the agreement because their parents had to have sufficient time to locate another residence. This term was clearly a subject for negotiation since the listing

---

1. Weichert shared the brokerage commission with the forwarding agent and Damiani.

2. The real estate contract provided that the Jackelows would indemnify defendants for any claims made by plaintiff. Accordingly, they intervened in this action and asserted two counterclaims against plaintiff which Supreme Court dismissed. The intervenors did not appeal from said dismissal.

agreement makes no mention of a closing date (*see, Kaelin v Warner*, 27 NY2d 352, 355). Our review of the record discloses that there was no meeting of the minds between defendants and the Satriales on this issue as there is no proof that the Satriales agreed to defendants' request that the closing be deferred for a considerable period of time. Instead, the evidence establishes that they left this issue open for further negotiation. There is also no credible evidence that defendants took steps to frustrate an agreement on this issue. Thus, having failed to establish an agreement on this essential term and in the absence of bad faith on defendants' part, plaintiff is not entitled to a brokerage commission (*see, 2001 Real Estate: Space Catalyst v DiBenedetto*, 207 AD2d 442, *lv denied* 84 NY2d 809). Plaintiff's proof suffers from a further deficiency in that it failed to prove that the Satriales had the financial ability to complete the transaction (*see, Rusciano Realty Servs. v Griffler*, 62 NY2d 696, 697-698; *O'Connor Realty Servs. v Higgins*, 149 AD2d 492, 493).

Lastly, we reject plaintiff's argument that Supreme Court should have disqualified defendants' attorney who was called as a witness by the Jackelows since his testimony cannot be considered to have been "necessary" (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 444-446; *Morgasen v Federated Consultant Serv.*, 174 AD2d 656).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.