■ PHOENIX ASSURANCE COMPANY OF NEW YORK, Respondent, v C.A. SHEA & COMPANY, INC., Appellant. [654 NYS2d 372] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 12, 1996, which, insofar as appealed from, denied defendant's motion to dismiss the complaint on the ground of release and granted plaintiff's motion to disqualify defendant's counsel of record, unanimously modified, on the law, the facts and in the exercise of discretion, the motion to disqualify denied, with leave to renew at the close of discovery, and otherwise affirmed, without costs.

The court properly denied the motion to dismiss since defendant is not unambiguously encompassed by the plain language of the release's definition of the term "releasee" (*compare, DiIorio v Gibson & Cushman*, 166 AD2d 334, *appeal dismissed and lv dismissed* 77 NY2d 989). Although releasee is defined to include agents of the nonparty insured, there is an issue of fact at bar as to whose agent defendant was and as to whether the release was intended to protect defendant in this lawsuit (*cf., Humphrey & Vandervoort v C-Kitchens, Inc.*, 198 AD2d 840, 841-842).

As for the motion to disqualify, although plaintiff arguably showed that defendant's counsel played a crucial role in the negotiations underlying this dispute (*compare, Hoerger v Board of Educ.*, 129 AD2d 659, *with L & W Supply Corp. v Ruthman*, 135 AD2d 877), plaintiff did not adequately show what the testimony of the advocate witness is expected to be, how it will be adverse to the client (*see, Martinez v Suozzi*, 186 AD2d 378), or how the client will be prejudiced (*see, Matter of Moccio*, 177 AD2d 627, 629). At this early "stage of the proceedings, where discovery has not yet been had, disqualification * * * is premature" (*Kirshon, Shron, Cornell & Teitelbaum v Savarese*, 182 AD2d 911, 912). Concur—Milonas, J. P., Ellerin, Wallach and Nardelli, JJ.