■ PETER BULLARD, as Trustee of the HELEN E. BULLARD TRUSTS, Respondent, v LIVINGSTON T. COULTER, Appellant. [667 NYS2d 495] —Cardona, P. J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 7, 1997 in Saratoga County, which denied defendant's motion to disqualify plaintiff's counsel.

This appeal arises out of various transactions conducted by Thomas D. Bullard (hereinafter Bullard), in his capacity as trustee of the "Helen E. Bullard Trusts" (hereinafter the trusts), established by his aunt in the late 1980s for the benefit of himself, James Bullard, Thomas J. Bullard and plaintiff. Sometime during his administration of the trusts, Bullard made an unsecured loan of approximately $240,000 to Bullard Orchards, Inc., a closely held corporation of which he was a principal shareholder. It is alleged that defendant acted as counsel for the trusts during this time and had knowledge of Bullard's self-dealing. As a result, Bullard was removed as trustee and plaintiff appointed his successor.

Thereafter, plaintiff engaged in negotiations with Bullard and his attorneys in an effort to recover the money which had been loaned by the trusts to Bullard Orchards, Inc. During the negotiations, Wayne Judge acted as attorney for plaintiff. In furtherance of recovering assets of the trusts, plaintiff commenced this legal malpractice action against defendant alleging, *inter alia*, that defendant failed to advise Bullard that self-dealing is improper for a trustee. In his answer, defendant denied all allegations of the complaint and raised the affirmative defense of contributory negligence on the part of the trusts. Following discovery, defendant moved to disqualify Judge as the attorney for plaintiff on the basis that he would be called

as a witness at trial and compelled to give testimony adverse to his client's interest. Supreme Court denied the motion and this appeal by defendant ensued.

We affirm. The Code of Professional Responsibility directs a lawyer to withdraw from his or her representation of a client during litigation if it appears that he or she "ought to be called as a witness" (Code of Professional Responsibility DR 5-102 [A] [22 NYCRR 1200.21 (a)]; see, Code of Professional Responsibility DR 5-101 [B] [22 NYCRR 1200.20 (b)]; see also, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 444). In order to meet this threshold, however, the subject testimony must be "necessary" (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra, at 445-446; see also, Moore & Moore Real Estate v Aloi, 234 AD2d 683, 685; Morgasen v Federated Consultant Serv., 174 AD2d 656). "A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra, at 446; see, Morgasen v Federated Consultant Serv., supra, at 656). It is not based simply upon whether the lawyer's adversary intends to call him or her as a witness at the trial (see, Burdett Radiology Consultants v Samaritan Hosp., 158 AD2d 132, 134; L & W Supply Corp. v Ruthman, 135 AD2d 877, 878).

Here, defendant's attorneys assert that they intend to call Judge as a witness concerning his involvement in negotiations engaged in by the trusts to recover the money improperly diverted by Bullard to his closely held corporation. Such testimony, however, bears upon the issue of recoupment of the funds and not upon the issue of diversion which is the basis for the action against defendant. Significantly, it appears from the record that Judge was not even involved in this case until after the funds were diverted from the trusts to Bullard's closely held corporation. Therefore, he would be unable to provide any testimony in regard to events that occurred prior to his representation.

To the extent that Judge's involvement in negotiations to recover the funds loaned by the trusts may be relevant to the issue of contributory negligence, we do not find, based upon our review of Judge's testimony given at an examination before trial, that such testimony would necessarily be prejudicial to his client. The mere fact that a compromise was not reached while Judge was representing the trusts does not establish any impropriety on the part of the trusts during negotiations. Moreover, it is not clear at this juncture that Judge's testimony is

even necessary. Consequently, we conclude that Supreme Court did not abuse its discretion in denying defendant's motion (*see, Stuart v WMHT Educ. Telecommunications*, 195 AD2d 918).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.