■ JOHN F. LEONARDO, Appellant, v JOSEPH A. LEONARDO II et al., Respondents. [746 NYS2d 90] —Spain, J.

This action involves a partnership agreement between plaintiff and his brothers, defendants Joseph A. Leonardo II and Leonard R. Leonardo, which sets forth terms for the ownership, operation and management of three improved parcels of real estate located in the City of Ithaca, Tompkins County. The partnership agreement provides that should a partner elect to withdraw from the partnership, the remaining partners must purchase his interest at a fixed price, payable over 20 years.

Plaintiff commenced this action in August 2001 seeking partition of the partnership's real property and to enforce a stock buy-out agreement related to defendant Royal Palm, Inc., a corporation wholly owned by the same three Leonardo brothers and which operates a restaurant on part of the property held by the partnership. Alleging a conflict of interest, plaintiff moved to disqualify defendants' counsel, Robert Clune. Defendants opposed the motion and cross-moved for summary judgment on the first three causes of action—which seek, respectively, partition of each of the three parcels of real property—arguing that partition is precluded by the partnership

agreement. Supreme Court denied plaintiff's motion to disqualify Clune and granted summary judgment to defendants on the first three causes of action. Plaintiff appeals, and we affirm.

The equitable right to partition can be waived by an agreement not to partition (*see, Chew v Sheldon*, 214 NY 344, 348-349; *Surlak v Fulfree*, 145 AD2d 79, 81). Plaintiff does not dispute that the partnership agreement was intended to prevent partition of the partnership's real property. Instead, he contends that the agreement is unenforceable because it fails to provide a reasonable limitation on the restriction of plaintiff's right to seek partition (*see, Surlak v Fulfree, supra* at 81) and, alternatively, that he is not bound by the terms of the partnership agreement because defendants have already breached the agreement by failing to compensate him upon his withdrawal from the partnership. The partnership agreement restricts the transfer of an interest in the partnership to a third party *during the lifetime* of the other partners without their consent. Plaintiff has failed to support his argument that an agreement which restricts alienation of a partnership interest during the lifetimes of the partners is unenforceable (*see, Herrington v Herrington*, 81 AD2d 679, 679, *affd on mem below* 56 NY2d 580; *cf., Geoffroy v Schmidt*, 279 App Div 912).

Nor did Supreme Court err in rejecting plaintiff's assertion that, by alleging that defendants breached the partnership agreement, he has demonstrated that he is not bound by the terms of that agreement. To establish his withdrawal from the partnership, plaintiff relies exclusively on a letter dated June 26, 2000, wherein he expresses a desire to sell his portion of the family business interests but then states, "This letter is to serve as written notice that I wish to sell my shares of the Royal Palm, Inc. at this time, and to advise you that I am investigating what needs to be done about selling the real estate." This language clearly indicates that plaintiff was immediately exercising his right to withdraw from the corporation, but just as clearly conveys that he was still in the process of determining his position with regard to the real estate partnership. Accordingly, the fact that defendants failed to commence payments to plaintiff upon receipt of this letter is not a breach of contract and, thus, plaintiff has failed to raise a material question of fact precluding summary judgment.

Next, plaintiff alleges that Supreme Court erred in failing to disqualify Clune as defendants' attorney because when this action commenced, Clune was jointly defending all parties in a separate action arising out of the parties' involvement in an

unrelated business venture* ·and because Clune also had drafted both the partnership agreement and the shareholders' agreement for Royal Palm. "A lawyer may not both appear for and oppose a client on substantially related matters when the client's interests are adverse" (*Solow v W.R. Grace & Co.*, 83 NY2d 303, 306; *see, Greene v Greene*, 47 NY2d 447, 451; *R.M. Buck Constr. Corp. v Village of Sherburne*, 292 AD2d 36, 39). When the representation is simultaneous, the burden shifts to the attorney to demonstrate that no actual or apparent conflict in loyalties exists (*see, Aerojet Props. v State of New York*, 138 AD2d 39, 41). Although Clune accepted representation of defendants in this action prior to the final disposition of the other matter—an action on a guarantee executed by the brothers—it is clear that there is no substantive nexus between the two lawsuits. Clune, moreover, has met his burden in demonstrating that said representation has in no way impinged on his ability to zealously represent his clients in both actions.

Turning to the drafting of the agreements underlying this action, apart from the litigation discussed above, the record is devoid of any evidence of an ongoing relationship between the Leonardo brothers and Clune. Plaintiff asserts that Clune nevertheless must be disqualified because, as draftsperson of the agreements, he will be a necessary witness in this action. A lawyer should withdraw from his or her representation of a client during litigation if it appears that he or she "ought to be called as a witness" (Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]; *see, Bullard v Coulter*, 246 AD2d 705, 706). At this juncture, where the validity of the agreements is not disputed and—in the context of this action—no dispute is apparent that would require going behind the terms of the agreements to determine their intent, plaintiff has failed to demonstrate that disqualification is necessary (*see, S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 69 NY2d 437, 446; *Bullard v Coulter, supra* at 706; *McDade v McDade*, 240 AD2d 1010, 1011; *Biscone v Carnevale*, 186 AD2d 942, 944). Likewise, plaintiff's vague contention that Clune has access to his personal financial background is insufficient to demonstrate a conflict of interest inasmuch as it is unclear how such information is relevant to the issues involved in this action (*see, Biscone v Carnevale, supra* at 943-944). Under these circumstances, we hold that Supreme Court did not abuse its discretion in denying plaintiff's motion to disqualify Clune (*see, Bullard v Coulter, supra; Stuart v WMHT Educ. Telecom.*, 195 AD2d 918, 918; *cf., Matter of Lambrou*, 208 AD2d 1093, 1094).

---

* The complaint in the separate action against the Leonardo brothers subsequently was dismissed.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.