■ BARBARA J. SKIFF-MURRAY, Appellant, v KEVIN R. MURRAY et al., Defendants, and FIRST PIONEER FARM CREDIT, Respondent. [771 NYS2d 230]—

Rose, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered August 26, 2002 in Washington County, which granted a motion by defendant First Pioneer Farm Credit to disqualify Donna Wardlaw from representing plaintiff.

Plaintiff commenced this action seeking to set aside a series of allegedly fraudulent conveyances initiated by defendant Kevin R. Murray, plaintiff's ex-husband. Plaintiff alleges that, shortly after being ordered to pay child support in the parties' divorce action, Murray gave a note and mortgage of certain real property to his father without fair consideration. He also subsequently transferred the real property to his then newly-created corporation, defendant HiTrak Corporation, and then caused HiTrak to convey it to his aunt and uncle, defendants David N. Cheney and Esther F. Cheney, despite a restraining order. The Cheneys, in turn, gave a credit line note and mortgage to defendant First Pioneer Farm Credit.

First Pioneer moved for an order disqualifying Donna Wardlaw as plaintiff's counsel on the ground that it would be necessary for plaintiff to call Wardlaw as a witness in order to establish her claim that First Pioneer had actual notice of the allegedly fraudulent nature of the conveyance to the Cheneys. Supreme Court found Wardlaw to be a necessary witness, ruled

sua sponte that her proprietary interest in plaintiff's action also warranted disqualification and granted the motion. Plaintiff now appeals.

The advocate-witness rule requires an attorney to withdraw from pending litigation if it appears that his or her testimony is "necessary" and he or she "ought to be called as a witness" (Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21]; see *Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 74-75 [2002]; *Bullard v Coulter*, 246 AD2d 705, 706 [1998]). Based on the record before it, which included Wardlaw's affirmation that she informed an officer of First Pioneer and its attorney of the fraudulent nature of the conveyances to HiTrak and the Cheneys, Supreme Court did not err in concluding that Wardlaw's testimony would be necessary to prove that First Pioneer had actual notice of the allegedly fraudulent conveyances.

As to plaintiff's contention that Wardlaw's testimony would not be contrary to the client's interests, we note that the potential prejudicial impact of an attorney's testimony is not pertinent where, as here, the testimony is necessary to establish the client's claim (see *MSKCT Trust v Paraneck Enters.*, 296 AD2d 769, 771 [2002]; cf. *Kirshon, Shron, Cornell & Teitelbaum v Savarese*, 182 AD2d 911, 912 [1992]; *Luk Lamellen u. Kupplungsbau GmbH v Lerner*, 167 AD2d 451, 452-453 [1990]). The purpose of the advocate-witness rule here is to avoid the unseemly situation where an attorney must both testify to establish her client's case and argue the credibility of her own testimony at trial (see *Ellis v County of Broome*, 103 AD2d 861, 862 [1984]).

We are also unpersuaded by plaintiff's argument that Supreme Court prematurely granted disqualification of Wardlaw. While pretrial disqualification may be premature where discovery is needed to establish the substance and necessity of the attorney's expected testimony (see *Phoenix Assur. Co. of N.Y. v Shea & Co.*, 237 AD2d 157, 157 [1997]; *Kirshon, Shron, Cornell & Teitelbaum v Savarese, supra* at 912), here there was little doubt as to the substance of Wardlaw's testimony or the need for it to establish plaintiff's cause of action.

Finally, in the event that Wardlaw's testimony were no longer necessary and plaintiff then sought to reinstate Wardlaw as her counsel, we note that Supreme Court's finding of a proprietary interest is erroneous and will not preclude Wardlaw's substitution. Although Wardlaw is owed counsel fees for services rendered in the matrimonial action and the divorce judgment

awarded plaintiff counsel fees against Murray, plaintiff's obligation to pay Wardlaw for her services rendered in the matrimonial action arose before this action was commenced (*see Sokolow, Dunaud, Mercadier & Carreras v Lacher, supra* at 76; *Biscone v Carnevale,* 186 AD2d 942, 943-944 [1992]) and she would not be permitted to collect any more than the value of her past legal services (*see Bianchi v Mille,* 266 AD2d 419, 421 [1999]). While plaintiff may be unable to pay Wardlaw's fees or enforce the counsel fee award if this action were unsuccessful, this is insufficient to create an actual or apparent conflict between plaintiff and Wardlaw.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found a proprietary interest, and, as so modified, affirmed.