Stein, J.
Appeal from an order of the Supreme Court (Flatkin, J.), entered June 11, 2008 in Albany County, which, among other things, granted plaintiff’s motion to disqualify defendants’ counsel.
Riño Crisafulli is the sole member of plaintiff. He alleges that *1024 he entered into a broker agreement with defendant George Vogt III, acting on behalf of the other named defendants, which authorized Crisafulli to act as broker for the sale of certain real property owned by defendants. Crisafulli further alleges that the agreement was reduced to writing and signed by himself and Vogt. Defendants deny the existence of the agreement. According to plaintiff, he procured a buyer for the property and, after learning that the sale had been completed, requested payment of a brokerage commission of $1 million pursuant to the alleged agreement. Defendants, through counsel, rejected plaintiffs request. Plaintiff then commenced this action setting forth causes of action sounding in breach of contract, unjust enrichment, fraud and conversion. Plaintiff moved to disqualify defendants’ counsel, William Keniry, on the basis that he was a material witness in the case. Supreme Court granted plaintiffs motion. Defendants now appeal and we reverse.
The right to choose one’s own counsel is a valued right (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 440, 443 [1987]). Thus, the restriction of that right must be carefully scrutinized (see id. at 443; Plotkin v Interco Dev. Corp., 137 AD2d 671, 674 [1988]). However, a lawyer may not ethically continue to represent a client where it becomes apparent that the lawyer “ought to be called as a witness” (Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]; see DR 5-101 [a] [22 NYCRR 1200.20 (a)]; see also S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 444). In order to warrant disqualification, the testimony sought from the lawyer witness must be necessary (see Bullard v Coulter, 246 AD2d 705, 706 [1998]). “A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence” (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 446 [citations omitted]).
Here, we find that plaintiff has not demonstrated that Keniry’s testimony was unique to him, and, therefore, necessary, rather than merely relevant and potentially useful or valuable (see id. at 445-446; Bullard v Coulter, 246 AD2d at 706; Burdett Radiology Consultants v Samaritan Hosp., 158 AD2d 132, 135 [1990]). Therefore, Supreme Court erred in granting plaintiffs motion.
Cardona, EJ., Feters, Carpinello and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied. [See 19 Misc 3d 1142(A), 2008 NY Slip Op 51146(U).]