■ MICHAEL SPINNER, Appellant, v COUNTY OF NASSAU et al., Respondents, et al., Defendants. [920 NYS2d 92]—

The plaintiff's attorney in this action, Robert G. Sullivan, also served as the plaintiff's criminal defense lawyer in a prior criminal prosecution that resulted in an acquittal. At one point, during the course of that prosecution, Sullivan met with two prosecutors from the Nassau County District Attorney's Office, Steven Schwartz and Susan Lutinger, who are now named as defendants in this case, for the purpose of explaining to them the quantity of exculpatory evidence that existed with respect to the criminal prosecution. The defendants County of Nassau, Schwartz, and Lutinger (hereinafter collectively the defendants) cross-moved, inter alia, to disqualify Sullivan as the plaintiff's attorney in the present action. The Supreme Court, among other things, granted that branch of the motion which was to disqualify Sullivan.

Under the circumstances of this case, the Supreme Court's disqualification of Sullivan under the advocate-witness rule was premature (*see Meccariello v Di Pasquale*, 35 AD3d 678, 680 [2006]; *Phoenix Assur. Co. of N.Y. v Shea & Co.*, 237 AD2d 157 [1997]). While Sullivan is in a position to offer first-hand testimony concerning what he told the prosecutors (i.e., Schwartz and Lutinger) during the subject meeting, the defendants did not adequately show that Sullivan's testimony would violate the advocate-witness rule (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7). At this early "stage of the proceedings, where discovery has not yet been had, disqualification . . . is premature" (*Kirshon, Shron, Cornell & Teitelbaum v Savarese*, 182 AD2d 911, 912 [1992]). Covello, J.P., Dickerson, Hall and Lott, JJ., concur.