Order, Supreme Court, New York County (Ellen M. Coin, J.), entered May 22, 2013, which, insofar as appealed from as limited by the briefs, denied defendants Goodhart National Gorman Agency, Inc. and Michael Berr’s cross motion to disqualify plaintiff’s counsel without prejudice to renew at the close of discovery, unanimously affirmed, without costs.
On a motion for disqualification, “[t]he challenging party carries a heavy burden of identifying the projected testimony of the advocate-witness and demonstrating how it would be so adverse to the factual assertions or account of events offered on behalf of the client as to warrant his [or her] disqualification” (Broadwhite Assoc. v Truong, 237 AD2d 162, 163 [1st Dept 1997] [internal quotation marks omitted]). “Disqualification [under the advocate-witness rule] may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence” (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446 [1987] [citation omitted]).
Here, while discovery may establish the substance and necessity of the testimony of plaintiffs’ attorney so as to permit disqualification under rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), the motion court exercised its discretion in a provident manner in denying defendants’ cross motion on the ground that it was premature at this stage of the proceedings (see Harris v Sculco, 86 AD3d 481 [1st Dept 2011]). Defendants have not adequately demonstrated “what the testimony of the advocate witness is expected to be” (Phoenix Assur. Co. of N.Y. v Shea & Co., 237 AD2d 157, 157 [1st Dept 1997]), and while the documentary evidence is not conclusive, it is also not complete. At a minimum, the check purportedly representing the premium payment for the disputed insurance coverage has not been produced.
Although it may be determined at the close of discovery that disqualification is warranted, this should not prevent counsel from pursuing pretrial activities (see Norman Norell, Inc. v Federated Dept. Stores, Inc., 450 F Supp 127,131 [SD NY 1978]). Concur — Gonzalez, RJ., Andrias, Saxe, Richter and Clark, JJ.