OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 The defendant appeals from an order of the Appellate Division affirming his conviction of arson and reckless endangerment. His primary contention is that he was deprived of his right to counsel of his choice when the trial court disqualified his retained counsel on application of the prosecutor. We agree with the defendant and, accordingly, reverse the order of the Appellate Division.
 

 In 1980 the defendant was indicted for setting fire to a grocery store which he owned. Almost a year later the defendant’s cousin was indicted in connection with another arson incident, and retained the same attorney to represent him. Approximately one month prior to the date scheduled for the defendant’s trial the prosecutor moved to have the defendant’s lawyer disqualified from continuing to represent the defendant. In support of the motion the prosecutor claimed that a recent investigation showed that the defendant’s cousin and certain other family members were involved in an arson conspiracy, that several of them had been indicted and the investigation was still continuing with respect to certain homicides, that the defendant had knowledge of the conspiracy which the prosecution wished to use against the other family members, particularly his cousin, but that the defendant refused to cooperate when offered a lesser plea in exchange for his assistance. The prosecutor urged that joint representation of the defendant and his cousin by the same attorney created a conflict of interest for the attorney, and that the attorney should therefore be disqualified from continuing to represent the defendant.
 

 In response, defense counsel stated that he had advised the defendant of the prosecutor’s plea offer and the potential conflict, that the defendant’s position was that he had no information to offer and did not wish to assist in the prosecution of relatives, and that he wished the attorney to continue with the joint representation. Defense counsel urged that the defendant had the right to waive the apparent conflict, particularly where the defendant and his cousin had been separately indicated for separate incidents, and that the grounds
 
 *134
 
 asserted by the prosecutor were, without more, insufficient to deprive the defendant of the right to continue to be represented by counsel of his choice.
 

 At the hearing on the motion, the court advised the defendant of the prosecutor’s position, the possible conflict, and the defendant’s right to conflict-free counsel. The defendant stated that he understood and nevertheless chose to continue with the attorney, prompting the court to remark that the defendant did indeed seem to understand. The court then held an in camera hearing where the People produced witnesses tending to show that-the defendant did have knowledge of the alleged conspiracy. At the conclusion of the hearing, the court disqualified the attorney without providing any reasons.
 

 Thereafter, the defendant was represented by court-op-pointed counsel. He still refused, however, to accept the prosecutor’s plea offer and, after a jury trial, was found guilty of arson and reckless endangerment.
 

 In an opinion filed nearly two years after the disqualification, and about one year after the defendant’s conviction, the court stated that it had granted the People’s motion to disqualify defendant’s counsel because it found that there was a conflict, and the defendant did not waive his right to conflict-free counsel knowingly and intelligently. This determination was based on the fact that the defendant was nervous during the hearing, appeared reluctant to speak, directed one-word responses to the court and generally spoke softly through assigned counsel and did not communicate "any real understanding of the nature of the court’s concern.”
 
 *
 

 Initially we note that the court should have stated the reasons for the decision to disqualify the defendant’s attorney when that decision was made. Issuing the opinion regarding demeanor so long after raises questions particularly when, as here, it contains statements inconsistent with comments made by the court at the time of the hearing. However, accepting the latter statements as the basis for the court’s decision, we nevertheless find that the court’s action was unwarranted.
 

 
 *135
 
 The decision to disqualify defendant’s retained attorney cannot be justified on the ground that this was essential to secure evidence for the People. On that point, it is sufficient to note that the court made no finding to this effect and there was no evidence in the record that the People had exhausted all other investigative means
 
 (Matter of Abrams [John Anonymous],
 
 62 NY2d 183, 197-199). The court rested its decision entirely on the conflict of interest and the defendant’s failure to make a knowing and intelligent waiver during the court’s inquiry. The prosecutor urges that the court had the power to disqualify counsel on that ground.
 

 The prosecutor’s argument misconceives the purpose of the court’s inquiry relating to an alleged or apparent conflict of interest on the part of defense counsel representing two or more defendants
 
 (People v Monroe,
 
 54 NY2d 35;
 
 People v Macerola,
 
 47 NY2d 257;
 
 People v Gomberg,
 
 38 NY2d 307). The object of the inquiry is not to determine whether the defendant should be permitted to waive his right to conflict-free counsel. The decision whether to waive the right is for the defendant to make
 
 (People v Macerola, supra,
 
 p 263). The court’s role is simply to insure through adequate warnings that the defendant’s decision has been made with awareness of his rights and the potential risks
 
 (supra).
 
 If the defendant indicates that he does not understand the warnings, the court should act to correct that problem by repeating the warnings, perhaps in simpler or clearer terms. That should suffice to insure that the defendant has made "an informed decision”
 
 (People v Gomberg, supra,
 
 p 313), unless the defendant is incompetent, in which case he should not be standing trial (CPL art 730).
 

 Accordingly, the order of the Appellate Division should be reversed and the case remitted for a new trial.
 

 Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 Order reversed and case remitted to Supreme Court, Kings County, for a new trial.
 

 *
 

 The court further concluded that the defendant’s "appearance and demeanor” also demonstrated that "any decision [he] might have made with respect to [retained counsel’s] continued representation was not a voluntary one”. In the context this apparently refers to the fact that a decision cannot be said to be voluntary unless it is knowing and intelligent. In any event, there was no finding that the defendant had been coerced into retaining the attorney or continuing the representation and thus we need not consider what measures a court should take in that extraordinary circumstance.