■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LIMONGELLI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Berke, J.), rendered January 29, 1988, convicting him of grand larceny in the first degree (seven counts), conspiracy in the fourth degree, and violation of Civil Service Law § 107, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In January 1985 the Town of Hempstead commenced an investigation concerning complaints received by the town from employees of its Department of Public Safety (hereinafter the DPS) alleging certain misconduct on the part of the defendant, Michael Limongelli, then Commissioner of the DPS. The town referred the matter to the Nassau County District Attorney's office and the defendant retained Anthony W. Cornachio to represent him. During the summer of 1985, while the District Attorney's office continued its criminal investigation, a civil trial was held in United States District Court for the Eastern District of New York in the case of *Cullen v Margiotta (see,* 811 F2d 698). In the Federal proceedings some of the plaintiff's witnesses made allegations about Limongelli's conduct in office. Because of a perceived conflict in having the Town Attorney represent Limongelli (subpoenaed as a witness in that case), the Town Board, by resolution adopted August 20, 1985, appointed Cornachio as Special Counsel to the Town Attorney to represent Limongelli during his testimony at the civil trial. As Special Counsel, Cornachio arranged to have the DPS employees directed to his law offices during their duty shifts where he interviewed each, had them fill out and sign questionnaires and notarized their signatures. Those who did not sign answered questions orally as to the alleged misconduct. Cornachio had examined town records with the aid of

John Loeffel, the "records keeper" of the DPS. Cornachio's tenure as Special Counsel terminated at the close of the Federal trial. Limongelli did not testify at that trial.

In March 1986 the Grand Jury of Nassau County returned the instant indictment against Limongelli. On August 1, 1986, the prosecution moved to "recuse" or disqualify Cornachio as Limongelli's attorney, alleging a conflict of interest. After an evidentiary hearing, Judge Winick disqualified Cornachio as defense counsel "so as to assure this defendant a fair trial free of any conflict of interest". The order disqualifying Cornachio was vacated following Judge Winick's recusal and the case was referred to Judge Berke, who, upon reading the record, granted the People's motion and disqualified Cornachio and directed Limongelli to notify the court of the name and address of new counsel by May 1, 1987. A notice of appearance as defense counsel was entered by Cornachio's law partner, Joseph P. Famighetti, on April 27, 1987. A motion to disqualify Famighetti followed. By decision and order dated May 22, 1987, Judge Berke granted the People's motion and disqualified Famighetti "and any other member of the law firm of Axelrod, Cornachio & Famighetti".

On appeal, Limongelli contends that in disqualifying his first two choices of counsel, the court ignored the procedures prescribed by *People v Salcedo* (68 NY2d 130), and in doing so, violated his constitutional right to counsel of his own choice. We disagree. The right of an individual to an attorney of his choice, while not absolute *(People v Arroyave,* 49 NY2d 264), is a right guaranteed by the State and Federal Constitutions *(United States v Cunningham,* 672 F2d 1064, 1071; *Matter of Abrams [John Anonymous],* 62 NY2d 183, 196). At the same time, a criminal defendant has the right to the effective assistance of counsel without compromise by a potential or actual conflict of interest. In the instant case, Cornachio's appointment by the Town Board as Special Counsel with regard to the Federal civil action, and his subsequent representation of Limongelli in this criminal action created a likelihood that Cornachio might be called upon to testify either as a witness for the prosecution or as a defense witness. Furthermore, the interviews of town employees conducted by Cornachio as Special Counsel, as well as his access, in that capacity, to town records with regard to matters directly related to the criminal prosecution, raised questions of confidentiality. At least some of the employees interviewed by Cornachio as Special Counsel in the civil action were certain to be called as witnesses for the prosecution in the instant

action. At least one witness, John Loeffel, whose interview by Cornachio directly related to the misconduct alleged in the indictment, testified differently at the hearing on the motion to disqualify counsel in the instant action from his written or oral answers given at the interviews. Consequently, it was likely that Cornachio would be called upon as a witness on the trial of the instant action to explain the difference or to vouch for the questionnaires. It was also likely that he would be called upon to testify regarding the voluntariness of the interviews and the effect of the defendant Limongelli's presence (as the then Commissioner) at these interviews. Thus, disqualification of Cornachio was necessary by reason of a direct conflict of interest and also to protect Limongelli's right to effective representation as Cornachio's effectiveness as trial counsel could be seriously undermined if called as a witness (Code of Professional Responsibility EC 5-9; DR 5-101, 5-102; *United States v Cunningham,* 672 F2d 1064, 1071, *supra; United States v Iorizzo,* 786 F2d 52).

The defendant Limongelli argues on appeal that he should have been questioned by the court to determine his willingness to waive conflict-free representation. In his affidavit in opposition to the People's motion to disqualify Cornachio, Limongelli stated that he waived no privileges or conflicts that might exist and would not allow his attorney to testify. Having refused to waive any conflicts, rather than requesting an inquiry by the court, Limongelli has failed to preserve the waiver issue for appellate review (CPL 470.05 [2]). His reliance on *People v Salcedo* (68 NY2d 130, *supra)* is therefore unjustified.

The court's subsequent disqualification of Cornachio's partner, Famighetti, was also proper. If an attorney learns, or it becomes obvious to him, after employment is undertaken, that he or she or a member of his or her firm ought to be called as a witness on behalf of his or her client, the attorney must withdraw (Code of Professional Responsibility DR 5-102 [A]; *People v Paperno,* 54 NY2d 294; *Brill v Friends World Coll.,* 133 AD2d 729, 730). The defendant Limongelli's reliance on *S&S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (69 NY2d 437) is misplaced. Here, Limongelli is not a commercial plaintiff of the type contemplated by that case and the court, in the instant case, refused to accept Limongelli's proffered waiver of his right to call Cornachio as a witness if represented by Famighetti, properly finding that it was not a knowing and intelligent waiver and that, "[f]ailure to call Mr. Cornachio as a witness would be prejudicial to the defendant

and result in a clear denial of effective assistance of counsel".
Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.