■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL BEASLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered April 5, 1988, convicting him of criminal possession of a controlled substance in the first degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing supported the determination by the police that the defendant was the supplier or deliveryperson of the cocaine who was being awaited by both the known cocaine vendor and the undercover officer, as well as a narcotics backup team, in order that they could consummate the prearranged sale of one-eighth kilo-

gram of cocaine for $6,500. Consequently, there was probable cause to arrest the defendant. Further, the subsequent search of the vehicle in which the defendant arrived on the scene was supported by probable cause to believe that the vehicle contained contraband *(see, People v Orlando,* 56 NY2d 441; *People v Wheeler,* 140 AD2d 731; *People v Bacalocostantis,* 121 AD2d 812). Hence, the hearing court properly denied the defendant's motion to suppress certain evidence as the product of an illegal arrest and search.

Finally, we find no merit to the defendant's claim that his right to a fair trial was compromised by the trial court's evidentiary ruling regarding the admissibility of expert police testimony or the court's supplemental instruction to the jury on the definition of possession. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.