■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered August 31, 1987, convicting him of robbery in the first degree, unauthorized use of a vehicle in the third degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well established that once representation is undertaken, a lawyer must withdraw as advocate if it appears that he must testify on behalf of his own client *(see, People v Paperno,* 54 NY2d 294; *People v Limongelli,* 156 AD2d 473, 475; *Matter of Bartoli,* 143 AD2d 830; *Matter of Benincasa v Garrubbo,* 141 AD2d 636). In this case, defense counsel should have anticipated the distinct possibility that he might be called upon to testify concerning certain private conversations with the complainants, during which they revealed that they might be unable to identify their assailants owing to the passage of time. Nevertheless, notwithstanding counsel's failure to seek leave to withdraw, his trial tactics were effective and afforded the defendant meaningful representation *(see, People v Baldi,* 54 NY2d 137).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.