■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNAL ROSE, Appellant. [770 NYS2d 813]—

Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered January 22, 2002, convicting defendant after a jury trial of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the third and fourth degrees (Penal Law § 220.09 [1]; § 220.16 [1]), defendant contends that he was arrested without probable cause and thus that Supreme Court erred in denying his suppression motion. We disagree.

Defendant's arrest was part of a buy-bust operation conducted by the City of Rochester Police Department. Defendant was al-

legedly the source of two ounces of cocaine that were sold by an accomplice to an undercover officer. After the sale was consummated, defendant was stopped in his motor vehicle as he drove from the scene and was placed under arrest. Most of the buy money was found on the floor of his vehicle and the remainder was found on his person, together with two bags of cocaine weighing approximately one-eighth ounce each.

The record of the suppression hearing establishes that the accomplice could not immediately consummate the prearranged drug sale and had told the undercover officer that he was waiting for his "friend" to arrive. As defendant pulled up in his motor vehicle, the accomplice indicated "here he is" and then briefly met with him alone in the vehicle before consummating the drug sale. Afterward, defendant was observed "exchanging something" with accomplice in the motor vehicle.

Contrary to the contention of defendant, the police had probable cause to arrest him as he left the scene in his motor vehicle. "Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction . . ., but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay*, 51 NY2d 594, 602 [1980]). Here, the only reasonable explanation for the presence of defendant at the scene was that he was the person whom the accomplice and the undercover officer had been awaiting to consummate the prearranged sale (*see People v Beasley*, 159 AD2d 712, 712-713 [1990], *lv denied* 76 NY2d 784 [1990]). We reject defendant's contention that the evidence is legally insufficient because it establishes nothing more than defendant's presence at the crime scene. The determination of probable cause is based upon an evaluation of the totality of the circumstances (*see People v Watts*, 309 AD2d 1256 [2003]), which here does not reasonably support the inference that defendant's presence at the scene was innocent.

We also reject the contention of defendant that he was denied effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant's further contention that the court erred in failing to instruct the jury on the agency defense is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.