■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD A. SCACCIA, Appellant. [771 NYS2d 772]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 12, 2003. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony and failure to keep right.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of driving while intoxicated (DWI) as a class E felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]) and failure to keep right (§ 1120 [a]). Supreme Court did not err in denying the motion to suppress evidence of defendant's refusal to submit to a chemical test. In reviewing a suppression determination, we accord "great weight to the determination of the hearing court with its particular advantage of having seen and heard the witnesses" (*People v Williams*, 202 AD2d 976, 976 [1994], *lv denied* 83 NY2d 916 [1994]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). Thus, the findings of the court should not be disturbed unless clearly erroneous or unsupported by the hearing evidence (*see People v Moore*, 295

AD2d 969 [2002], *lv denied* 98 NY2d 770 [2002]; *People v May,* 263 AD2d 215, 219 [2000], *lv denied* 94 NY2d 950 [2000]; *People v Little,* 259 AD2d 1031 [1999], *lv denied* 93 NY2d 926 [1999]; *People v Hill,* 175 AD2d 603 [1991]). The testimony at the suppression hearing supports the court's conclusion that defendant had an adequate opportunity to consult with counsel prior to deciding whether to submit to a chemical test (*see People v O'Rama,* 78 NY2d 270, 280 [1991]; *see also People v Shaw,* 72 NY2d 1032, 1033-1034 [1988]; *People v Gursey,* 22 NY2d 224, 227-229 [1968]; *People v DePonceau,* 275 AD2d 994 [2000], *lv denied* 95 NY2d 962 [2000]). Moreover, under the circumstances, the court was justified in rejecting the contention that defendant's "request to speak [further] to an attorney should not be construed as a refusal to consent to a breathalyzer test" (*People v Monahan,* 295 AD2d 626, 627 [2002], *lv denied* 98 NY2d 770 [2002], citing *Matter of Boyce v Commissioner of N.Y. State Dept. of Motor Vehs.,* 215 AD2d 476, 477, [1995] *People v Peabody,* 206 AD2d 754, 755, [1994] and *Matter of O'Brien v Melton,* 61 AD2d 1091 [1978]).

The court properly denied the request of defendant to allow his father, an attorney and a witness for the defense, to sit at the table with defendant and defense counsel. As the court properly determined, the roles of a witness and an advocate are entirely incompatible (*see* Code of Professional Responsibility EC 5-9; *see also* Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]; *see generally People v Berroa,* 99 NY2d 134, 139-140 [2002]; *People v Amato,* 173 AD2d 714, 716 [1991], *lv denied* 78 NY2d 919, 961 [1991], *cert denied* 502 US 1058 [1992]; *People v Rivera,* 172 AD2d 633 [1991], *lv denied* 77 NY2d 999 [1991]). Reversal is not required as a result of the court's admission of, and the prosecutor's comment upon, evidence tending to identify defendant as the "Scaccia, Ronald" who previously had been convicted of DWI. Any error arising therefrom was rendered harmless when defendant admitted on cross-examination that he previously had been convicted of DWI. Contrary to the further contention of defendant, he was not deprived of his right to be present during jury selection and the presentation of evidence (*see People v Maher,* 89 NY2d 318, 324-325 [1996]; *People v Roman,* 88 NY2d 18, 27-28 [1996], *rearg denied* 88 NY2d 920 [1996]; *People v Rodriguez,* 85 NY2d 586, 590-591 [1995]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.