THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY A. DOLLY, Appellant. [785 NYS2d 233]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 24, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment of County Court convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defendant contends that the court erred in refusing to suppress evidence seized from the vehicle that defendant was driving. We disagree. Following a *Mapp* hearing, the court found that, during a stop of the vehicle, a police officer observed cash protruding from a pocket of defendant's cargo pants as if it had been hastily shoved into the pocket, and observed a plastic bag tied in a knot, balled up and shoved between the driver's seat and the center console of the vehicle as if it had been put there in a hasty but unsuccessful attempt to conceal it. The court rejected as incredible the testimony of defendant that he had not seen the plastic bag as he drove the borrowed vehicle that evening and that there was no money protruding from his cargo pants. According great weight to the determination of the hearing court, we find no basis in the record to disturb its findings of fact (*see People v Scaccia*, 4 AD3d 808 [2004], *lv denied* 3 NY3d 647 [2004]).

We also find no basis to reject the conclusions of law reached by the court that, based on the circumstances known to or observed by the police officers, probable cause existed to believe that the bag wedged between the driver's seat and center console of the vehicle contained a controlled substance (*see People v Evans*, 175 AD2d 456, 458 [1991], *lv denied* 79 NY2d 856 [1992]). "Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction (e.g., *People v Miner*, 42 NY2d 937, 938; *People v White*, 16 NY2d 270, 273 [, *cert denied* 386 US 1008 (1967)]), but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay*, 51 NY2d 594, 602 [1980]). This Court has held that the determination of probable cause is based upon an evaluation of the totality of the circumstances (*see People v Rose*, 2 AD3d 1324, 1325 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Watts*, 309 AD2d 1256, 1257 [2003], *lv denied* 1 NY3d 582 [2003]). The totality of the circumstances presented to the officers herein, including lateness of the hour (after 2:00 A.M.), the proximity to a night club, the existence of money stuffed into defendant's pants, defendant's inability to produce a valid driver's license or registration for the vehicle with out-of-state license plates, and the presence of a plastic bag stuffed into a crevice in the vehicle as if the driver was attempting to hide it provided probable cause to seize the contraband. Present—Green, J.P., Gorski, Martoche, Lawton and Hayes, JJ.