■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSCOE GLINTON, Appellant. [900 NYS2d 264]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered November 21, 2006, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant made a valid waiver of his right to conflict-free counsel, and the retained counsel of his choice provided effective assistance. The court conducted a thorough inquiry pursuant to *People v Gomberg* (38 NY2d 307 [1975]) concerning the nature and extent of any potential conflict arising from counsel and his firm's prior representation, in employee disciplinary matters, of potential witnesses, and his firm's ongoing retention by a municipal labor union whose members included defendant and many of the prosecution's witnesses. Defendant then made an informed determination to proceed with this attorney, thereby waiving any claim of prejudice resulting from the claimed conflicts (*id*. at 315-316).

We reject defendant's claim that the conflict was unwaivable. A defendant capable of retaining counsel generally has the right to counsel of his or her own choosing (*id*. at 312), and the decision whether to waive the right to conflict-free counsel is normally for the defendant to make (*see People v Salcedo*, 68 NY2d 130, 135 [1986]). A court's "discretion is especially broad when the defendant's actions with respect to counsel place the court in the dilemma of having to choose between undesirable alternatives, either one of which would theoretically provide the

defendant with a basis for appellate review" (*People v Tineo*, 64 NY2d 531, 536 [1985]).

There was nothing about counsel's past or potential future civil representation of prosecution witnesses, or his relationship with their union, that presented such a serious conflict that the court was obligated to reject a *Gomberg* waiver and disqualify counsel. The question whether the court would have been *permitted* to do so (*see People v Carncross*, 14 NY3d 319 [2010]) is not before us. Conflicts relating to representation of potential witnesses are clearly waivable (*see e.g. United States v Perez*, 325 F3d 115, 127 [2d Cir 2003]). Although counsel had a financial interest in maintaining his relationship with the union, defendant's assertion that this created a conflict, let alone an unwaivable conflict, is not persuasive. Unlike the unusual situation presented in *United States v Schwarz* (283 F3d 76 [2d Cir 2002]), the union was neither an actual or potential litigant in any matter relating to defendant's trial, had no stake in the outcome, and had no interest that could be viewed as divergent from defendant's.

"Where an actual or potential conflict has been validly waived, the waiver cannot be defeated simply because the conflict subsequently affects counsel's performance; such a result would eviscerate the very purpose of obtaining the waiver" (*Schwarz*, 283 F3d at 95). In any event, the existing record is insufficient to show that the conduct of the defense was in fact affected by the operation of the conflict of interest (*see People v Konstantinides*, 14 NY3d 1, 10-13 [2009]; *People v Longtin*, 92 NY2d 640, 644-645 [1998]).

Defendant's challenges to the court's circumstantial evidence charge are unpreserved because counsel's statements at the charge conference, viewed in light of the lack of any exception after the court charged the jury, were inadequate to articulate the position defendant takes on appeal (*see People v Lewis*, 5 NY3d 546, 551 [2005]; *People v Whalen*, 59 NY2d 273, 280 [1983]). We decline to review defendant's claims in the interest of justice. As an alternative holding, we find that the charge conveyed the proper standard to be applied by the jury in assessing circumstantial evidence (*People v Sanchez*, 61 NY2d 1022, 1024 [1984]). Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ.