People v Jennings (2021 NY Slip Op 02937)





People v Jennings


2021 NY Slip Op 02937


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


456 KA 19-01892

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE JENNINGS, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered September 11, 2019. The order denied defendant's motion pursuant to CPL 440.10 to vacate a judgment of conviction. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Onondaga County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals, by permission of this Court, from an order that denied without a hearing his CPL 440.10 motion to vacate the judgment convicting him upon a jury verdict of, inter alia, assault in the first degree (Penal Law
§ 120.10 [1]). The motion was based on the alleged denial of defendant's constitutional right to effective, conflict-free counsel (see generally People v Brown, 33 NY3d 983, 985 [2019]). We agree with defendant that Supreme Court abused its discretion in denying the motion without a hearing. Upon our review of the record, we conclude that a hearing is required to determine whether defendant validly waived the potential conflict of interest (see CPL 440.30 [5]; see generally People v Salcedo, 68 NY2d 130, 135 [1986]) and, if he did not, whether the potential conflict of interest actually operated on the defense (see generally People v Sanchez, 21 NY3d 216, 223 [2013]). We therefore reverse the order and remit the matter to Supreme Court to conduct such a hearing.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court