■ THE PEOPLE OF THE STATE OF NEW YORK v. JOHN DOE et al. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN A. GOODMAN and WBAI PACIFICA, Appellants. In the Matter of EDWIN A. GOODMAN et al., Petitioners, v. GERALD P. CULKIN, as Supreme Court Justice of New York County, et al., Respondents.— By the subpoena duces tecum the District Attorney of New York County sought " All Tape Recordings, Program Logs and all Material Broadcast with relation to the Riots at the Manhattan House of Detention for Men (Tombs) during the period between October 2, 1970 to October 5, 1970." On appeal, the District Attorney conceded that the subpoena was too broad, and that all that was actually sought were the tapes of voices of prisoners presently under indictment for crimes allegedly committed during the riots, which were recorded during simultaneous live broadcasts. The District Attorney maintained nevertheless, that while the subpoena duces tecum was overbroad, such was not a fatal defect, and it was urged that the court may order an appropriate modification. With relation to the order holding petitioner in contempt, it was argued that the record contained sufficient evidence showing that petitioners well knew what was actually sought, and would not have complied with the subpoena in any event. But, with commendable candor it was acknowledged that other portions of the record indicated a broader construction of the subpoena. Before we consider the facts which were developed upon the oral argument, we note, that in view of the concession ·(with which we agree), that the subpoena was overbroad, and in view of the fact that the record is unclear as to whether appellants were aware of the limited scope of the subpoena, an adjudication of contempt was improper.

A subpoena should be sufficiently clear to inform the witness exactly what is being sought, and where a subpoena is overbroad the witness is not required to cull the good from the bad. Upon argument of the appeal the District Attorney informed the court that an affidavit, dated May 1, 1972, had been submitted by Edwin A. Goodman, in which he stated in effect that the results of an examination into the station's archives revealed that tapes of the voices of the prisoners do not now exist and did not exist when the search was first made shortly after service of the subpoena. It was further stated in the affidavit that if the District Attorney had at an earlier date narrowed the material sought, as he did in his brief on appeal, that the representations concerning the nonexistence of the tapes would have been more timely made. In view of this affidavit, the District Attorney took the position that the appeal had become moot, and hence, he, in effect, no longer wished to proceed in the matter. Since the People have accepted the representations concerning the nonexistence of the tapes, we agree that the proceeding is moot, and that the orders should be reversed. The appellants, however, wish this court to consider the merits of the appeal and to set forth guidelines concerning the issuance of subpoenas to the news media. We recognize the rule that an appeal should not be dismissed as academic "'when the underlying questions are of general interest, substantial public importance and likely to arise with frequency'". (*Matter of Concord Realty Co.* v. *City of New York*, 30 N Y 2d 308, 312.) However, this case presents a unique situation which is unlikely to occur with frequency. We do not believe that the principles which would govern in this particular matter would necessarily affect other cases involving a journalist privilege under the First Amendment or pursuant to section 79-h of the Civil Rights Law. Even if the First Amendment is applicable, each of these cases must be judged on its own merits, with a view toward balancing the competing interests presented by the particular matter then before the court. We, therefore, do not believe it appropriate to consider the underlying merits of the proceeding where the ultimate issue is no longer in controversy. Moreover, courts should not " decide constitutional questions unless their disposition is necessary to the appeal ". (*People* v. *Carcel*, 3 N Y 2d 327, 330.)

In the first-entitled action: Order, Supreme Court, New York County, entered on March 2, 1972, denying appellants' motion to quash a subpoena duces tecum, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion is granted, without costs and without disbursements to either party.

In the second-entitled action: Order, Supreme Court, New York County, entered on March 3, 1972, adjudging Edwin A. Goodman and WBAI-FM in contempt, and committing petitioner Goodman to a jail term of 30 days, and directing that petitioner WBAI-FM pay a fine of $250, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the mandate is annulled, without costs and without disbursements to either party.

In the third-entitled action: Petition, pursuant to CPLR article 78, unanimously dismissed as academic, without costs and without disbursements, the matter having been determined on appeals decided simultaneously herewith. Concur — Stevens, P. J., Markewich, Murphy and Tilzer, JJ.