**10** Patrick Grotallio et al., Respondents, v Soft Drink Leasing Corp., Defendant and Third-Party Plaintiff. Coca-Cola Bottling Company of New York, Inc., Third-Party Defendant-Appellant. — Order, Supreme Court, Bronx County (Fusco, J.), entered June 11, 1983, which, *inter alia,* denied Coca-Cola's motion to quash subpoenas duces tecum served upon it and its insurer, the Hartford Insurance Co., unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, to the extent appealed from and the subpoenas quashed. This is a personal injury action arising out of a fall by a Coca-Cola employee from an open A-frame trailer leased by Coca-Cola from defendant Soft Drink. At the time the subpoenas were served Coca-Cola was not a party to the action. The subpoena directed to Hartford, Coca-Cola's insurer, sought the production of, *inter alia,* the contents of its entire claim file as well as any accident reports prepared by Coca-Cola. The subpoena directed to Coca-Cola sought accident reports concerning the accident, payroll records for the injured employee for the years 1977-1978, repair and service records for the trailer involved in the accident, records showing complaints, injuries, accidents or law suits by users of the trailer involved in the accident, and records showing complaints, injuries, accidents or law suits by users of open A-frame flatbed trailers used for Coca-Cola deliveries. All of the demands are prefaced by the words "any and all." Except for imposing a limitation on the production of repair and service records to the date of the accident Special Term allowed the subpoenas to stand, finding that "the documentation and information sought are proper subjects of subpoena and are relevant to this action." This was error. Although some of the records sought are undoubtedly relevant the subpoenas are overly broad. Besides seeking matter which is clearly irrelevant, the subpoenas with their "any and all" demands would require the production of materials which may well be privileged. The contents of an insurer's claim file which have been prepared for litigation against its insured are immune from disclosure (*Kandel v Tocher,* 22 AD2d 513) and from subpoena (*Cataldo v County of Monroe,* 38 Misc 2d 768, affd 19 AD2d 852). Since the subpoenas served herein uniformly fail to specify with reasonable precision the records sought, neither Coca-Cola nor Hartford was required "to cull the good from the bad" (*People v Doe,* 39 AD2d 869, 870), and we forego the opportunity to do so. We note that Coca-Cola, having been impleaded on the eve of trial, is now a party to this action. Thus, plaintiffs may, by notice of deposition, examine it to ascertain with particularity the records, if any, which they require. (See *Rios v Donovan,* 21 AD2d 409.) Concur — Sullivan, J. P., Ross, Carro, Silverman and Lynch, JJ.

■ In the Matter of Peter Landau, an Attorney. — Motion granted and respondent reinstated as an attorney and counselor at law in the State of New York. Concur — Murphy, P. J., Sandler, Sullivan, Ross and Fein, JJ.