■ ERNO GOLDBERGER, et al., Appellants, v BENJAMIN EISNER et al., Respondents. [799 NYS2d 778]—

In an action, inter alia, to enjoin the defendants from enforcing a judgment, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated June 24, 2004, as granted the defendants' motion to disqualify the plaintiffs' counsel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The Supreme Court improvidently exercised its discretion in granting the defendants' motion to disqualify the plaintiffs' counsel pursuant to Code of Professional Responsibility DR 5-102 (d) (22 NYCRR 1200.21 [d]). To obtain disqualification of counsel pursuant to that provision, the party moving for disqualification must demonstrate that (1) the testimony of the opposing party's counsel is necessary to their case, and (2) that such testimony is or may be prejudicial to the client (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446 [1987]; *Daniel Gale Assoc., Inc. v George*, 8 AD3d 608, 609 [2004]).

In the instant case, the defendants failed to demonstrate either that the testimony of the plaintiffs' counsel was necessary or that it would prejudice the plaintiffs' case. The defendants submitted only speculation in support of their motion, which was insufficient to establish that the attorney's testimony would be prejudicial to his or her client (*see Frias v Frias*, 155 AD2d 585 [1989]). H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.