Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 15, 2008, which, in a declaratory judgment action involving whether certain of the plaintiffs are additional insureds under policies issued by defendan'ts-respondents insurers (defendants), insofar as appealed from, granted in part defendants’ motions for protective orders and denied plaintiff-appellant insurer’s (plaintiff) motion to compel discovery, unanimously affirmed, without costs.
In response to plaintiff’s discovery demands, defendants submitted privilege logs that identified each of the documents withheld and set forth a basis for the assertion of a privilege as to each. The motion court then conducted an in camera review of the withheld documents and ruled that most were protected by either the attorney-client privilege (CPLR 3101 [b]) or the immunities for attorney work product (CPLR 3101 [c]) and materials prepared for litigation (CPLR 3101 [d] [2]). No basis exists to disturb this ruling. Documents in an insurer’s claim file that were prepared for litigation against its insured are immune from disclosure (Grotallio v Soft Drink Leasing Corp., 97 AD2d 383 [1983]), and, while documents prepared in an insurer’s ordinary course of business in investigating whether to accept or reject coverage are discoverable (Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 191 [2005]), there is no indication that any such documents are being protected here. We have considered plaintiffs remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.