■ BETSY HARRIS, Respondent, v THOMAS SCULCO, M.D., et al., Appellants, et al., Defendants. [926 NYS2d 897]—

Rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0) generally prohibits an attorney from acting as an advocate before a tribunal where it is likely that the attorney will be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client, or where the attorney knows he or she is likely to be a witness on a significant issue of fact on the client's behalf, unless the testimony relates to enumerated subjects, not here relevant (*see Goldberger v Eisner*, 21 AD3d 401 [2005]; *Broadwhite Assoc. v Truong*, 237 AD2d 162 [1997]).

In determining whether to disqualify an attorney on the ground that he or she will likely be a witness, the court is guided, but not bound by, the standards set forth in rule 3.7 (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446 [1987]), and whether to disqualify an attorney rests in the sound discretion of the court (*see Gulino v Gulino*, 35 AD3d 812 [2006]). While discovery may establish the substance and necessity of plaintiff's attorney's testimony so as to permit disqualification under rule 3.7, the court exercised its discretion in denying defendants' motion on the ground that it was premature at this early stage of the proceedings (*see Kirshon, Shron, Cornell & Teitelbaum v Savarese*, 182 AD2d 911 [1992]). Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Richter, JJ.