Twin Capital, an investment management firm, alleges that defendants improperly tampered with and copied information from a computer allegedly belonging to it. Twin Capital is solely owned by nonparty David Simon, against whom defendant Linda Simon has commenced matrimonial proceedings. The computer at issue was at all relevant times located in the marital home, and defendants-respondents assert that it was freely accessible and used by members of the Simon family; Twin Capital disputes this claim.
Rule 3.7 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, unless certain exceptions apply, “[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact.” Here, in the absence of discovery, it is premature to conclude that Jason Advocate is likely to be called as a witness on a significant factual issue (see Harris v Sculco, 86 AD3d 481 [2011]). Even if Mr. Advocate is likely to be a witness, discovery may reveal that his testimony “relates solely to an uncontested issue,” one of the exceptions to the rule (see rule 3.7 [a] [1]). In light of this determination, we need not address the motion court’s finding that disqualification “would work substantial hardship” on Linda Simon (rule 3.7 [a] [3]).
Nor is disqualification required under rule 1.7 (a) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0), which provides that, except under certain conditions, a lawyer shall not represent a client where there is a significant risk that the lawyer’s judgment on behalf of the client will be adversely affected by the lawyer’s own interests. After consultation with independent ethics counsel, Linda Simon executed a conflict *501 waiver (see rule 1.7 [b] [4]). At this early stage, defendants-respondents appear to be presenting a unified defense. Thus, any potential conflict is speculative at present. Twin Capital’s argument that a conflict exists based on Mr. Advocate’s alleged rejection of its offer to settle with Linda Simon is not properly before us. These allegations are contained in affidavits dated after the motion court rendered its decisions. Concur — Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.