## CK Opportunities Fund I, L.P. v Morgan Stanley Senior Funding, Inc.

### 2024 NY Slip Op 33908(U)

### October 31, 2024

### Supreme Court, New York County

### Docket Number: Index No. 654526/2023

### Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. NANCY M. BANNON</u>                              PART                61M

*Justice*

-------------------------------------------------------------------------------X

CK OPPORTUNITIES FUND I, L.P., KNIGHTHEAD (NY) FUND, LP, KNIGHTHEAD ANNUITY & LIFE ASSURANCE COMPANY, KNIGHTHEAD MANAGED OPPORTUNITIES FUND, LP, KNIGHTHEAD MASTER FUND, LP, KNIGHTHEAD CAPITAL MANAGEMENT, LLC,KNIGHTHEAD OPPORTUNITIES CAPITAL MANAGEMENT, LLC,CERTARES OPPORTUNITIES LLC,

Plaintiffs,

- v -

MORGAN STANLEY SENIOR FUNDING, INC.,BRIGHTLINE HOLDINGS LLC,AAF JACKSONVILLE SEGMENT LLC,BRIGHTLINE MANAGEMENT LLC,BRIGHTLINE PROPERTY HOLDINGS LLC,NEW FLAGLER DEVELOPMENT LLC,BLWH LLC,BL TRAIN HOLDINGS WEST LLC,BREVARD FGT LLC,FLAGLER MANAGEMENT LLC,FLAGLER MANAGEMENT WEST LLC,BL PROPERTY HOLDINGS WEST LLC,LV PROPERTY HOLDINGS ONE LLC,VICTORVILLE PROPERTY HOLDINGS LLC,DXE MANAGEMENT LLC

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654526/2023 |
| MOTION DATE | 05/14/2024, 05/14/2024, 07/25/2024 |
| MOTION SEQ. NO. | 003 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 134

were read on this motion to/for                              DISCOVERY                              .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 135

were read on this motion to/for                              DISCOVERY                              .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 156, 157, 158, 159, 160, 161, 162, 163, 164

were read on this motion to/for                    QUASH SUBPOENA, FIX CONDITIONS              .

## I.     <u>INTRODUCTION</u>

In this action alleging, *inter alia*, breach of a Credit Agreement, the plaintiffs move pursuant to CPLR 3124 to compel nonparty Fortress Investment Group LLC ("Fortress") to provide discovery related to a third-party subpoena (MOT SEQ 003). The plaintiffs also move

**654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR**                    **Page 1 of 10**
**FUNDING, INC. ET AL**
**Motion No.  003 004 005**

[* 1]

pursuant to CPLR 3124 to compel defendant Morgan Stanley Senior Funding, Inc. ("Morgan Stanley") and the remaining defendants (collectively, the "Brightline Defendants"), to comply with various discovery demands (MOT SEQ 004). Both of these motions are opposed. Fortress also moves pursuant to CPLR 2304 to quash a subpoena served on non-party Wes Edens. (MOT SEQ 005). The plaintiffs oppose this motion. MOT SEQ 004 is granted in part, MOT SEQ 003 is denied in its entirety and MOT SEQ 005 is granted in part.

## II.  BACKGROUND

The plaintiffs allege that in September 2022, they became parties to the Credit Agreement as lenders when they bought from Morgan Stanley, the administrative agent and original lender, $191 million of a loan made to the Brightline Defendants. Under the Credit Agreement, defendant Brightline Holdings LLC is the borrower, and the rest of the Brightline Defendants (which are subsidiaries of Brightline Holdings) are guarantors. The Brightline defendants are all subsidiaries of nonparty Florida Investment Holdings LLC, which itself is managed by nonparties Wes Edens and Fortress.

The plaintiffs allege that in December 2022, the Brightline Defendants breached the Credit Agreement when defendant BL West Holdings LLC ("BLWH"), a guarantor under the Credit Agreement, issued preferred LLC units at a below fair-market-value price and ceded control to BL West Investment, an affiliate of Brightline Holdings and BLWH (the "Preferred Unit Issuance"). The plaintiff allege that the Preferred Unit Issuance breached the Credit Agreement in two ways. First, section 6.4 of the Credit Agreement bars BLWH from issuing or selling capital stock, unless the sale is for at least "fair market value" of BLWH. The plaintiffs allege that the Preferred Unit Issuance was sold at a value for far less than "fair market value". Second, the Preferred Unit Issuance violated Section 6.8 of the Credit Agreement, which requires a transaction with an "Affiliate" to be made "upon terms no less favorable [than the Brightline entity] would obtain in a comparable arm's length transaction (as reasonably determined by the Borrower)". The Credit Agreement defines an "affiliate" as a person or entity "that, directly or indirectly, is in control of, is controlled by, or is under common control with, such" person or entity. It goes on to define "control" as "the power, directly or indirectly, to direct or cause the direction of the management and policies" of the entity in question. The plaintiffs allege that the BLWH, the issuer of the Preferred Unit Issuance, and BL West Investment, the purchaser, are under common control through their connections to Fortress. Thus, the key issues for the

654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR FUNDING, INC. ET AL
Motion No.  003 004 005

Page 2 of 10

[* 2]

plaintiffs are (1) the value of BLWH, and (2) the common control over BLWH and BL West Investment.

The plaintiffs further allege that Morgan Stanley, in connection with the Preferred Unit Issuance, improperly authorized the release of BLWH and four of its subsidiaries (defendants DXE Management LLC, BL Property Holdings West LLC, Victorville Property Holdings LLC, and LV Property Holdings One LLC) from their obligations as guarantors under the Credit Agreement. This release enabled the Brightline Defendants to claim that it did not owe the plaintiffs a massive Make-Whole Amount that would be triggered if BLWH or its subsidiaries took on additional planned debt. The plaintiffs further allege that Morgan Stanley omitted the fact that BLWH conducted this Preferred Unit Issuance when Morgan Stanley proposed an amendment to the Credit Agreement. Once the plaintiffs signed the amendment, Morgan Stanley secretly added language into the Credit Agreement detailing that the Preferred Unit Issuance, making it seem that the plaintiffs had approved of the Preferred Unit Issuance. The plaintiffs further allege that Morgan Stanley had a motive to improperly release the guarantors from the Credit Agreement so that Morgan Stanley could obtain lucrative investment-banking business with the Brightline Defendants and Fortress.

In November 2023, the plaintiffs served a third-party subpoena on Fortress. As relevant here, the subpoena sought Fortress to produce records from January 1, 2021 to September 18, 2023: from various Brightline entities, including named defendants and nonparties:

1. Internal records such as balance sheets, income statements, and appraisals;
2. Documents and communications related to actual or potential government grants, including communications with financial advisors or consultants;
3. Inbound third-party pitch materials from actual or potential third-party advisors;
4. Marketing materials, presentations, term sheets, and offers regarding opportunities to invest in BLWH; and
5. Specifically, from January 1, 2018 to the present; various internal records of nonparty Florida Investment Holdings LLC and its subsidiaries.

The plaintiffs also served various discovery requests on defendant Morgan Stanley and the Brightline Defendants. These requests can be grouped into six categories:

**654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR FUNDING, INC. ET AL**
**Motion No.  003 004 005**

[* 3]

1. Brightline Defendants to produce documents regarding subsidiaries of defendant BLWH

2. Brightline Defendants to produce documents regarding the issue of "common control" between defendant Brightline Holdings and BL West Investment, and to include Wes Edens as a document custodian in their searches;

3. Brightline Defendants and Morgan Stanley to apply a start date of January 1, 2021 for requests seeking documents relevant to the value of BL West Holdings;

4. Brightline Defendants and Morgan Stanley to apply an end-date of March 1, 2024 for a single request for documents related to a $2.5 billion private activity bond relating to "Brightline West";

5. Brightline and Morgan Stanley to produce documents regarding the longstanding relationship between the defendants dating back from January 1, 2020 to September 18, 2023; and

6. for Brightline Defendants to supplement their answers to the plaintiffs' interrogatories 10, 11, 13, and 14.

On June 27, 2024, the plaintiffs served a subpoena on Wes Edens, co-founder of Fortress, seeking a deposition.

Two discovery conferences were held by the court - on April 4, 2024, and August 15, 2024, and no resolution was reached on these discovery disputes.

By an order dated October 30, 2024, the court granted an unopposed motion by the defendants to extend expert discovery deadlines and also extended the Note of Issue filing deadline to February 14, 2025 (MOT SEQ 007).[1]

.

## III. DISCUSSION

Disclosure in New York civil actions is guided by the principle of "full disclosure of all matter material and necessary in the prosecution or defense of an action." CPLR 3101(a). The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon

---

[1] Recently filed MOT SEQS 006 (seal), 008 (compel), 009 (seal), 010 (seal), 011 (dismiss) and 012 (dismiss) are currently pending.

**654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR FUNDING, INC. ET AL**
**Motion No.  003 004 005**

Page 4 of 10

4 of 10

[* 4]

request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." See Kapon v Koch, 23 NY3d 32, 38 (2014). "A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is 'material and necessary'—i.e., relevant". Forman v Henkin, 30 NY3d 656, 661 (2018). However, the need for discovery must be weighed against any special burden to be borne by the party opposing discovery. Id. at 662. Requests for "all documents relating to" a certain subject are viewed as indicating a lack of the requisite specificity. See Mendelowitz v Xerox Corp., 169 AD2d 300 (1st Dept. 1991).

    A.   MOT SEQ 004: Plaintiffs' Motion to Compel

    1.   Brightline Defendants to Produce Documents Regarding Subsidiaries of Defendant BL West Holdings, LLC

The plaintiffs seek documents from the Brightline Defendants related to Brightline Holdings' subsidiaries, including, *inter alia*, balance sheets and income, and communications related to obtain financing. However, these documents are not relevant to the plaintiffs' claims, and are overbroad. The plaintiffs seek these documents to prove whether BLWH obtained fair market value in the Preferred Unit Issuance. Section 6.4(n) of the Credit Agreement assess "fair market value" as the value of "such Property or its assets", which in this case is BLWH. The plaintiffs do not identify any section in the Credit Agreement that requires an evaluation of BL West Holdings' subsidiaries, whether they are guarantors under the Credit Agreement or named defendants in this matter.

    2.   Brightline Defendants to Produce Documents Regarding the Issue of "Common Control" between Defendant Brightline Holdings LLC and BL West Investment LLC and to Include Wes Edens as a Document Custodian in Searches;

The plaintiffs seek documents from the Brightline Defendants and communications concerning the direct and indirect ownership of Brightline Holdings, including minutes of meetings of any board of managers of Brightline Holdings, (Request No. 37[d] from the plaintiffs' first notice to produce served on the Brightline Defendants), and communications involving Wes Edens concerning the Brightline Defendants and BL West Investment (Request No. 37[k] from the plaintiffs' first notice to produce served on the Brightline Defendants). While these requests may be relevant as to the issue of common control, they are overly broad in scope. These requests seek minutes of "any" board of directors meetings, and "any" communications from

**654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR FUNDING, INC. ET AL**
**Motion No.  003 004 005**

Page 5 of 10

5 of 10

[* 5]

Wes Edens involving the Brightline parties, without any qualifiers specific to the Preferred Unit Issuance, or the contractual relationship between the parties in this matter.

3. <u>Brightline Defendants and Morgan Stanley to Apply a Start Date of January 1, 2021, for Requests Seeking Documents Relevant to the Value of BL West Holdings;</u>

The plaintiffs seek to compel Morgan Stanley and the Brightline Defendants to apply a start date of January 1, 2021, for requests seeking documents relevant to the valuation of BLWH. While relevant, the plaintiffs' demand for documents stretching almost two years prior to the Preferred Unit Issuance is overbroad. Section 6.4(n) of the Credit Agreement states that the Preferred Unit Issuance must be "at least equal to the fair market value of [BLWH] or [its] assets *at the time of such Disposition (or at the time such binding commitment is entered into)*." (emphasis added). Thus, the relevant valuation of BLWH is at the time of the Preferred Unit Issuance, which took place on December 2022. The plaintiffs' arguments that fair market value should be assessed based on all available financial data based on the history of a corporate enterprise is unavailing, as the plaintiffs are not entitled to a fishing expedition for financial information stretching years prior to the subject transaction.

4. <u>Brightline Defendants and Morgan Stanley to Apply an End-Date of March 1, 2024 for a Single Request for Documents Related to a $2.5 Billion Private Activity Bond Relating to "Brightline West";</u>

The plaintiffs seek to compel Morgan Stanley and the Brightline Defendants to apply an end date of March 1, 2024, for documents related to a $2.5 billion private activity bonds allocated for the Brightline West High-Speed Intercity Passenger Rail project announced by the United States Department of Transportation press release dated January 23, 2024. This request is overbroad and seeks irrelevant documents, as it requests documents for an event that allegedly occurred thirteen months after the alleged breach of the Credit Agreement and four months after the plaintiffs commenced the action. Furthermore, the demand seeks documents irrelevant to the issue of the valuation of BLWH, the common control over BLWH and BL West Investment, and the alleged fraud committed by the Brightline Defendants and Morgan Stanley to allow the Brightline Defendants to avoid paying the Make-Whole amount under the Credit Agreement.

5. <u>Brightline Defendants and Morgan Stanley to Produce Documents Concerning the Longstanding Relationship Between the Defendants Dating from January 1, 2020 to September 18, 2023</u>

**654526/2023 CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR FUNDING, INC. ET AL**
**Motion No. 003 004 005**

**Page 6 of 10**

[* 6]

6 of 10

The plaintiffs seek to compel Morgan Stanley and the Brightline Defendants to produce "any engagement letters, underwriting agreements, and bond purchase agreements between Morgan Stanley and any Brightline Defendants or any affiliates of any Brightline Defendants" from January 1, 2020 to September 18, 2023. (Request No. 9 from the plaintiffs' second notice to produce served on the Brightline Defendants and Request No. 4 from the plaintiffs' second notice to produce served on Morgan Stanley). The plaintiffs argue that these requests are relevant to Morgan Stanley's scienter, an element of the plaintiffs' fraud claim, as such documents will bear on Morgan Stanley's incentives to act for the benefit of the Brightline Defendants and to the plaintiffs' detriment. However, this request is overbroad, as it seeks "any" agreements between the defendants for a three-and-a-half-year period, without any qualifiers limiting it to the Credit Agreement and Preferred Unit Issuance, which are the subject of the plaintiffs' claims. In its' memorandum of law in opposition, Morgan Stanley offers to produce an engagement letter between it and the Brightline Defendants specifically for the Preferred Unit Issuance, if one such exists. Therefore, Morgan Stanley is directed to produce that engagement letter on or before November 18, 2024.

6. <u>Brightline Defendants to Supplement Their Answers to the Plaintiffs' Interrogatories 10, 11, 13, and 14.</u>

*Interrogatory 10* asks the Brightline Defendants to identify each person who is an "affiliate" who participated in the Preferred Unit Issuance. Attached to this interrogatory is an exhibit titled "Brightline Holdings LLC and Subsidiaries Consolidated Financial Statements", which states that the Preferred Unit Issuance granted control of BLWH to BL West Investment, and identifies that some of the investors from BL West Investment are "affiliates of the company". This interrogatory is relevant to the issue whether BLWH and BL West Investment are affiliates as per the Credit Agreement. The Brightline Defendants argument that this interrogatory conflicts with Commercial Division Rule 11-a(b) is unavailing, as this interrogatory seeks the "names of witnesses with knowledge of information material and necessary" to the issues of this matter; namely the affiliation between BLWH and BL West Investment.

*Interrogatory 11* asks the Brightline Defendants to name any person besides BL West Investment that made any offer to purchase interests in BL West Holdings. This inquiry seeks information relevant to the issue of determining fair market value of BL West Holdings at the time of the Preferred Unit Issuance.

**654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR FUNDING, INC. ET AL**
**Motion No.  003 004 005**

**Page 7 of 10**

7 of 10

[* 7]

*Interrogatory 13,* which asks the Brightline Defendants to identify "advisors, consultants, law firms, or investment bankers" who provided services to BL West Investment in connection with Preferred Unit Issuance, is relevant to the issue of common control and the plaintiffs' fraud claims. The Brightline Defendants states that information related to BL West Investment is not within their possession, custody, or control. Thus, the Brightline Defendants shall provide a <u>Jackson</u> affidavit to that effect, including efforts made to obtain that information. <u>See</u> <u>Jackson v City of New York</u>, 185 AD2d 768 (1st Dept. 1992).

*Interrogatory 14,* which asks the Brightline Defendants to identify "any advisors, consultants, law firms, or investment bankers" engaged by the Brightline Defendants to raise capital for the Brightline Defendants and several named subsidiaries, some of which are nonparties in this matter, is overbroad, particularly because it seeks such information from January 1, 2021, almost two years prior to the Preferred Unit Issuance. Furthermore, it seeks information beyond the scope of the plaintiffs' claims in this matter.

Accordingly, Brightline Defendants shall supplement their responses to interrogatories Nos. 10, 11, and 13 from the plaintiffs' first set of interrogatories, on or before November 18, 2024.

### B. <u>MOT SEQ 003: Plaintiffs' Motion to Compel Fortress to Comply with Subpoena</u>

The court notes that the demands in the third-party subpoena served on Fortress are largely identical to the discovery demands served on Morgan Stanley and the Brightline defendants. These requests include documents from various Brightline entities, including named defendants and nonparties, and their subsidiaries. As in MOT SEQ 004, these requests are overbroad, as the plaintiffs seek a time period from January 1, 2021, for these requests. As previously discussed, the valuation of BLWH is a relevant issue to the plaintiff's claims, but Section 6.4(n) of the Credit Agreement states that the time period of BLWH's evaluation is measured "at the time of" of the Preferred Unit Issuance, which took place on December 2022. This is especially problematic for request number 18 in the subpoena, which seeks documents from nonparty Florida Investment Holdings LLC from January 1, 2018, almost two and a half years prior to the Preferred Unit Issuance. Furthermore, many of these requests demand documents from "any subsidiaries", whether they are named defendants or nonparties. As a nonparty answering a third-party subpoena, it is not Fortress' responsibility to "cull the good

654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR
FUNDING, INC. ET AL
Motion No.   003 004 005

Page 8 of 10

8 of 10

[* 8]

from the bad" in producing documents that are more specific to the plaintiffs' claims. See Grotallio v Soft Drink Leasing Corp., 97 AD2d 383 (1st Dept. 1983). It is well settled that a subpoena may not be used as a tool of harassment or for a proverbial "fishing expedition to ascertain the existence of evidence." Reuters Ltd. v Dow Jones Telerate, Inc., 231 AD2d 337, 342 (1st Dept. 1997); see Law Firm of Ravi Batra, P.C. v Rabinowich, 77 AD3d 532 (1st Dept. 2010). Moreover, "[w]here disclosure is sought against a nonparty, more stringent requirements are imposed on the party seeking disclosure." Velez v Hunts Point Multi-Serv. Ctr., Inc,. 29 AD3d 104, 108 (1st Dept. 2006). Thus, MOT SEQ 003 is denied in its' entirety and Fortress need no respond to the plaintiff's improper subpoena.

### C. MOT SEQ 005: Fortress' Motion to Quash Subpoena Served on Wes Edens.

The subpoena served on Fortress' co-founder, Wes Edens, seeks only a deposition, to be conducted on July 26, 2024, with no explanation or detail as to the reasons or circumstances on why his deposition is required. While the plaintiffs attached the subject complaint as an exhibit to the subpoena, which is permitted under New York law (see Kapon v Koch, supra), Edens is never mentioned in the complaint. CPLR 3101(a)(4) provides that when serving a subpoena on a nonparty, the subpoenaing party is required to sufficiently state the "circumstances or reasons such disclosure is sought or required." Id at 39. These reasons must be included on the face of the subpoena or in an accompanying notice and is "meant to apprise a stranger to the litigation the "circumstances or reasons" of why the requested disclosure was sought or required. Id.; see also De Stafano v MT Health Clubs, Inc., 220 AD2d 331 (1st Dept 1995). The plaintiffs have not provided "notice stating that the circumstances or reasons" as mandated by CPLR 3101(a)(4). As noted previously, a subpoena may not be used as a tool of harassment or for a proverbial "fishing expedition to ascertain the existence of evidence." Reuters Ltd. v Dow Jones Telerate, Inc., supra. Moreover, "[w]here disclosure is sought against a nonparty, more stringent requirements are imposed on the party seeking disclosure." Velez v Hunts Point Multi-Serv. Ctr., Inc,. supra at 108. For these reasons, MOT SEQ 005 is granted and the subpoena is quashed.

Any relief not expressly granted herein is denied.

### IV.   CONCLUSION

**654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR FUNDING, INC. ET AL**
**Motion No.  003 004 005**

**Page 9 of 10**

9 of 10

[* 9]

Accordingly, upon the foregoing papers, it is

ORDERED that the plaintiffs' motion to compel compliance with a subpoena served on non-party Fortress Investment Group LLC (MOT SEQ 003) is denied in its entirety, and it is further,

ORDERED that the plaintiffs' motion to compel discovery from the defendants (MOT SEQ 004) is granted to the following extent and otherwise denied:

(1) Defendant Morgan Stanley shall produce documents responsive to Request 9 from the plaintiffs' second notice to produce served to Morgan Stanley, but limited only to the engagement letter between Morgan Stanley and Brightline Defendants regarding the Preferred Unit Issuance, by November 18, 2024;

(2)  The Brightline Defendants shall supplement their responses to interrogatories Nos. 10, 11, and 13 from the plaintiffs' first set of interrogatories served on the Brightline Defendants, by November 18, 2024;  and it is further

ORDERED that the motion of nonparty Fortress Investment Group LLC (MOT SEQ 005) to quash the subpoena served on Wes Edens is granted, and that party need not appear for the requested deposition, and the motion is otherwise denied, and it is further

ORDERED that counsel shall appear for a status conference on January 16, 2025, at 12:00 p.m.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

__10/31/2024__
**DATE**

**CHECK ONE:**

|  | CASE DISPOSED | X | NON-FINAL DISPOSITION |  |
|---|---|---|---|---|
| GRANTED |  | DENIED | X | GRANTED IN PART |  | OTHER |

**654526/2023   CK OPPORTUNITIES FUND I, L.P. ET AL vs. MORGAN STANLEY SENIOR FUNDING, INC. ET AL**
**Motion No.  003 004 005**

**Page 10 of 10**

[* 10]

10 of 10