De Luca v De Luca (2025 NY Slip Op 05146)

De Luca v De Luca

2025 NY Slip Op 05146

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 365505/23|Appeal No. 4743-4744-4745|Case No. 2025-00814, 2025-00816, 2024-07127|

[*1]Todd De Luca, Plaintiff-Appellant,
v
Luba De Luca, Defendant-Respondent. Faina Chachko, Nonparty-Respondent.

Robert G. Smith, PLLC, New York (Robert G. Smith of counsel), for appellant.
The Wiederkehr Law Group, P.C., White Plains (Evan Wiederkehr of counsel), for Luba De Luca, respondent.
William M. Pinzler, New York, for Faina Chachko, respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about January 10, 2025, which granted the court's sua sponte motion disqualifying plaintiff's counsel, Robert G. Smith, Esq., on the basis that Smith inserted himself beyond the role of the advocate in the proceeding and was now a material and necessary witness to dispose of the parties' equitable distribution and counsel fee claims, and stayed the proceeding for 60 days to permit the husband to retain new counsel, unanimously reversed, on the law and the facts, without costs, without prejudice to renewal upon an appropriate showing.
Order, same court and Justice, entered on or about November 8, 2024, which granted the motion of nonparty Faina Chachko to quash subpoenas served on financial institutions for Chachko's bank records, and denied plaintiff's cross-motion to disqualify Chachko's attorney, William Pinzler, Esq., as an advocate witness, enforce the nonparty discovery subpoenas duces tecum, and award him attorney's fees and monetary sanctions, unanimously affirmed, without costs.
Appeal from order, same court and Justice, entered on or about October 18, 2024, which marked as resolved defendant wife's motion to access the marital apartment to remove her undisputed property in accordance with the court's interim orders dated October 9 and October 10, 2024, unanimously dismissed, without costs, as abandoned.
The motion court disqualified Smith from representing the husband in the instant action on the ground that he would need to be called as a witness at trial. The advocate-witness disqualification rules contained in the Code of Professional Responsibility provide guidance, but are not binding authority for courts in determining whether a party's attorney should be disqualified during litigation (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 440 [1987]). "Disqualification of a law firm during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants. Disqualification denies a party's right to representation by the attorney of its choice" (id. at 443). In considering whether to disqualify counsel, the court must consider a litigant's right to select his own counsel and the fairness and effect of disqualification in the particular factual setting (id. at 440). Whether to disqualify an attorney rests in the sound discretion of the trial court (Harris v Sculco, 86 AD3d 481, 481 [1st Dept 2011]). However, an attorney should be disqualified only when his or her testimony is necessary to prove the issues in dispute (S&S Hotel Ventures Ltd. Partnership, 69 NY2d at 445-446). The party seeking or supporting disqualification need not show that counsel's continued representation would prejudice his or her client where the court finds that counsel's testimony is necessary on his or her client's behalf (Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 76 [1st Dept 2002]).
Here, Smith made various allegations about the actions of the wife and her counsel in his sworn affirmations which were unsupported by an affidavit by anyone with personal knowledge of the events described. Concluding that each of Smith's claims was based on his personal knowledge, the motion court found that Smith's testimony would be necessary to prove those allegations on his client's behalf. However, as is clear upon a close reading of Smith's various affirmations and his statements on the record before the motion court, and as Smith acknowledged at oral argument before this Court, the only claims based on Smith's personal knowledge were that, during the wife's access to the marital residence on October 11, 2024, the wife committed a "crime" against Smith and removed duct tape blocking the closet where the husband's belongings were stored. Smith conceded in his brief to this Court and at oral argument that these claims are not relevant to the financial issues in this divorce action. Accordingly, Smith should not have been disqualified on the basis that his testimony would be necessary at trial.
We decline to consider the wife's counsel's claim that he intends to call Smith to testify at trial, since the wife's counsel never argued this before the motion court, and made the claim for the first time at oral argument of this appeal. However, our reversal of Smith's disqualification is subject to renewal upon a showing that his testimony is necessary (see S&S Hotel Ventures Ltd. Partnership, 69 NY2d at 445-446; Lacher, 299 AD2d at 74-75; Harris v Sculco, 86 AD3d at 481; see also Burdett Radiology Consultants v Samaritan Hosp., 158 AD2d 132, 134 [3d Dept 1990] ["whether an opposing party intends to call the attorney as a witness is not dispositive of whether the attorney ought to be called"]).
The motion court providently exercised its discretion in quashing the subpoenas for nonparty Chachko's banking records issued by the husband (see Grotallio v Soft Drink Leasing Corp., 97 AD2d 383, 383 [1st Dept 1983]). The subpoenas served on the three banks are overbroad, as they seek "all documents of every sort or nature regarding or concerning or mentioning Faina Chachko." There is no explanation of how or why all of Chachko's banking transactions, including credit cards, over a four-year period are relevant to any funds she may have lent to the wife, particularly given that the husband never pursued any discovery on this issue. Since these requests failed to specify with reasonable precision which bank records were sought, the court was not obligated to sift through the demand to "'cull the good from the bad'" (id.).
There is no evidence in the record that the arguments raised by Chachko's counsel in support of his motion to quash the subpoenas were without merit or made in bad faith, and the court providently denied the husband's request for attorney's fees and sanctions (see Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 70 [1st Dept 2006]).
The motion court also providently exercised its discretion in denying the husband's request to disqualify Pinzler as Chachko's counsel (see Macy's Inc. v J.C. Penny Corp., Inc., 107 AD3d 616, 616 [1st Dept 2013]). It is not evident that Pinzler possesses any relevant knowledge regarding the parties' art business or the related transactions. Even if he does have such knowledge, it is unclear whether these transactions are significant to the matrimonial proceedings or whether the information cannot be obtained from other sources. Moreover, the mere fact that the husband intends to call Pinzler as a witness is not dispositive of whether counsel should be disqualified (see Burdett Radiology Consultants, 158 AD2d at 134).
Since the husband does not raise any arguments regarding the wife's motion to access the apartment or the court's October 18, 2024 order marking that motion as resolved, the appeal from that order is dismissed as abandoned (see Altschuler v Jobman 478/480, LLC, 135 AD3d 439, 441 [1st Dept 2016], lv denied 29 NY3d 903 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025